BERTHOLD & JENNINGS, Appellees, v. SEEVERS MANUFACTURING COMPANY et al., Appellants.

1.. Sale: DELIVERY OF GOODS OF INFERIOR QUALITY: ACCEPTANCE BY VENDEE: DAMAGES. Where upon a sale of lumber, the kind delivered to the vendee was of an inferior quality and of different dimension from that agreed to be furnished, but the same was accepted by the vendee with knowledge of the defects, and without complaint until about four months after delivery, and after a part of the price had been paid, held, that the vendee was not entitled to recover the actual damages sustained by reason of the difference in the kind and quality of the lumber furnished.

2. ———: ———: WARRANTY. The quality and dimension of the lumber to be furnished being specified in the contract, *held,* that there was no implied warranty that the lumber furnished should be fit for the purpose for which it was intended.

*Appeal from Mahaska District Court.*—HON. A. R. DEWEY, Judge.

WEDNESDAY, OCTOBER 18, 1893.

THIS action is to recover the agreed price of a lot of piling sold and delivered by plaintiff to the defendant under a contract to deliver piling of certain specified dimensions and quality. The defendant answered, admitting the purchase, and that the plaintiff delivered "piling of the general nature and kind specified," and alleging, by way of counterclaim, that the piling delivered was not of the dimensions or quality agreed to be furnished, in that it was crooked, knotty, smaller, and of less diameter and length, by reason whereof he was damaged in certain particulars set out. The plaintiff replied, denying every allegation in said counterclaim.

Upon these issues the case was tried to the court, and the court found as follows; "As a matter of fact, that under the evidence the defendant sustained substantial damages upon his counterclaim upon the items of piling furnished by the plaintiff under their contract, as set out in his answer and amendment thereto filed in this cause. But the court found, as a matter of law, that notwithstanding such claim, and the proof made thereon to the satisfaction of the court, that the defendant is not entitled to recover the same in this action, or to have the same set off against the claim of the plaintiff, but that the plaintiff, notwithstanding the proof of such counterclaim, is entitled to the full amount of his demand sued for. * * * And upon such finding of the facts and conclusions of law, as aforesaid, the court entered a judgment in favor of the plaintiffs for the full amount of the plaintiffs' claim,

with interest thereon, amounting in all to the sum of two hundred and five dollars and ninety-one cents, against the defendants, to which they at the time duly excepted." The defendant appeals, assigning as error the holding of the court as to the law, and the refusal to allow the damages found to have been sustained by defendant.—*Affirmed.*

*Seevers & Seevers*, for appellant.

*John O. Malcolm*, for appellees.

GIVEN, J.—I. The record shows that the defects in the piling complained of were open, and readily 
1. SALE: delivery of goods of inferior quality: acceptance by vendee: damages.
discoverable; also, that the appellant kept and used the piling, knowing of these defects, without notice or complaint to the plaintiff until some four months after, and after a part of the price had been paid. The finding of the court shows that the piling furnished was inferior in dimensions and quality to that agreed to be furnished, and that the defendant sustained substantial damages by reason thereof. The single question submitted on this appeal is whether, under these facts, the defendant is, in law, entitled to recover said damages. The appellant contends that, under the rulings of this court, he is entitled to recover said damages, and cites *Davis v. Fish*, 1 G. Greene, 406, 407; *Crookshank v. Mallory*, 2 G. Greene, 257, 258; and *Pixler v. Nichols*, 8 Iowa, 106. The appellee's contention is that, the appellant having received and retained the piling, with knowledge of the defects, without notice or complaint to the plaintiff within a reasonable time, he must be held to have waived his claim for damages.

In *Davis v. Fish, supra*, there was no claim that the defects in the flatboats, the subject of the controversy, were open and visible, nor was a waiver

pleaded.   *Crookshank v. Mallory, supra,* was for the
erection of a building upon real estate belonging to the
defendant.   The building, though incomplete, became
a part of the defendant's real estate, and could not
be rejected or returned.   Hence, the defendant was
entitled to damages, notwithstanding he had taken
possession of the building.   The same rule was applied
in *McClay v. Hedge,* 18 Iowa, 66, under a contract to
build a barn.   For the same reason, it was held in
*Pixler v. Nichols, supra,* that a party who had con-
tracted to labor for a specified time, and who quit
before the time, could recover the actual value of the
work done, less damages for a breach of the contract.
The reason for the rule in these cases is that what had
been received could not be returned.   We have seen
that the appellant retained and used this piling, know-
ing of its defects, without notice or complaint within a
reasonable time, and without offering to return them,
as could have been done.   It is clear that the rule in
the cases cited does not apply to this case, and it is
upon those cases that the appellant relies in his open-
ing argument.

II.   In reply to the appellees' argument, the
appellant cites the familiar rule as to implied warranties,
2. —: —:         and contends that the law implies a war-
warranty.         ranty that the piling was suitable for its
intended use; that there being such a warranty, and
the piling not being suitable, damages may be recovered
without returning the piling.   As this claim was not
made in the opening argument, and the appellee has
not replied to it, it may be questioned whether the
appellant is entitled to have it considered; but, as no
objection has been made, we inquire whether, under the
law, the appellant is entitled to recover as upon an
implied warranty.

The appellant states the rule as follows: *"Fourthly,*
when a manufacturer or dealer contracts to supply an

article which he manufactures or produces, or in which he deals, to be applied to a particular purpose, so that the buyer necessarily trusts to the judgment or skill of the manufacturer or dealer, there is an implied term of warranty that it shall be reasonably fit for the purpose to which it is to be applied. *Fifthly*, where a manufacturer undertakes to supply goods manufactured by himself, or in which he deals, but which the vendee has not had the opportunity of inspecting, it is an implied term in the contract that he shall supply a merchantable article." The appellant did not trust to the judgment or skill of the appellee as to the quality and dimensions of the piling to be furnished. Their quality and dimensions were fixed by the contract. Had the appellant ordered piling suitable for the construction of a particular bridge, or a bridge of specified dimensions, leaving the appellee to determine what would be suitable, the rule cited would apply. In this case the quality and dimensions of the piling are not left to implication, but are fixed by the contract. "When goods are delivered on an existing contract, requiring a particular quality, the absence or presence of which can be seen on mere view, in such cases the purchase is without warranty, or the acceptance without objection, leaves the seller relieved of all responsibility for the goodness, quality, or fitness of the property." 2 Sutherland on Damages, 1489. See, also, *Allison v. Vaughan*, 40 Iowa, 421, 424; *Hirshhorn v. Stewart*, 49 Iowa, 418; *Winelander v. Jones*, 77 Iowa, 401.

Our conclusion is that, under the law and the facts, the appellant is not entitled to recover on the counterclaim. The judgment of the district court is, therefore, AFFIRMED.