THE WEST SIDE LUMBER COMPANY, Appellee, v. CHARLES HATHAWAY, EMMA B. HATHAWAY and ALEXANDER HATHAWAY, Appellants, v. GREANY and WALKER and FRANK WALKER, Defendants.

Review on Appeal: UNAUTHORIZED AMENDMENT OF PLEADING: *Objection below.* A decree cannot be attacked on appeal because of the filing of an amended petition making new parties, without leave of the court and notice to adverse parties where the amendment was proper, and no question of defect of parties was made in the trial court.

*Appeal from Buchanan District Court.*—HON. FRANKLIN C. PLATT, Judge.

MONDAY, FEBRUARY 10, 1902.

SUIT for the foreclosure of a mechanic's lien. The trial court granted the relief prayed, and defendants Hathaway appeal.—*Affirmed.*

*E. E. Hasner* for appellants.

*Ransier & Everett* for appellee.

DEEMER, J.—But a single question is presented on this appeal. It appears that, when the action was originally commenced, no one but the owners of the property—the Hathaways— were made parties defendant. Plaintiff was a subcontractor, and does not claim that it made any agreement with the owners for furnishing the material for the improvement. Greany & Walker were the original contractors. Before the case was called for trial, however, plaintiff filed an amendment to its petition, making the contractors parties defendant, and asking judgment against them for the amount of its claim. These defendants volun-

tarily appeared and filed answer to the petition admitting that the debt as claimed by plaintiff was due and unpaid; and, in the final decree, judgment was rendered against them for the amount of the claim, with interest, and a lien for the amount thereof established against the property belonging to the defendants Hathaway. The Hathaways contend that as both the amendment to the petition and the answer thereto were filed without leave of court, and without notice to them, they are not bound thereby, and that the case should be treated as if no such pleadings had been filed; that, so treated, the original contractors not being made parties, there can be no valid decree entered against them. Their principal reliance is on a rule of court in force in the Tenth judicial district, as follows, to wit: "Rule 1. In every case where there is an appearance by a resident attorney, copies of all pleadings and motions, required by rule 1 of the rules of practice, adopted by the Iowa state convention of district judges, to be filed for the use of the adverse party, shall be personally served on such party, or his attorney, except a copy of the first pleading filed." The question thus presented does not appear to have been raised in any manner in the district court. It relates to a rule of practice, and the only question, we take it, is whether or not the court erred in considering the amendment and the answer thereto in disposing of the case. Although filed without leave, the court had the right in the absence of objection, to consider them in the final disposition of the case. The amendment was certainly a proper one, and there is no claim of any fraud in the making of the admission contained in the answer thereto. Amendments are allowed with great liberality under our reformed procedure; and the mere fact that they are filed without leave is no ground for striking them from the files, where the amendment is such a one as should have been allowed, had permission been asked to file it. If the amendment was filed without complying with the rule quoted, it was the defendants' duty to call the court's attention to the matter, and to se-

cure a ruling thereon. This question, as we have already said, is simply one of practice, and does not go to the merits of the controversy. On a trial *de novo,* we do not ordinarily consider these points of practice, unless they were in some manner brought to the attention of the trial court, and its ruling secured thereon; and, if adverse, exception taken and error assigned thereon. The parties were all properly before the court, and no complaint is made of the decree, except in the respect mentioned. If we treat the case as if no amendment was filed, because of noncompliance with the rule of court, the result is the same, for the reason that defendants Hathaway did not raise the question of defect of parties. They seemed, according to their contention, willing to go to trial without the principal contractor being made a party; and, as they did not raise the question of defect of parties on the trial in the lower court, they cannot raise it here. *Iowa Stone Co. v. Crissman,* 112 Iowa, 122, and cases cited. Moreover, the rule referred to, construed in connection with rule 1 of the rules adopted by the district judges of the state, does not in terms apply to amendments to petitions, such as the one in the case now before us. But as the point now made cannot be considered for the reasons already suggested, we need not determine whether, by reason of the intent of the rule, the pleading should not be held to be within its spirit, and therefore improperly filed.

The decree is undoubtedly correct, and it is AFFIRMED.