[No. 1418, February 6, 1912.]

PETER ROSS, JR., Appellant, v. PATRICK BERRY, JR., Appellee.

SYLLABUS (BY THE COURT).

1.  The refusal of the Court to strike out a second amended complaint, filed without leave, cures the irregularity of filing the same without leave.

2.  A variance between the complaint and affidavit in replevin, as to the character in which the plaintiff sues, is no ground for striking out the complaint.

3.  The suffixes "Jr." or "Sr." are no part of a man's name and, except in a few instances, may be disregarded.

4.  A plea in abatement is waived by a subsequent answer to the merits.

5.  No demand is necessary in an action of replevin, where the defendant claims title and right to possession as incident thereto in himself.

6.  The findings of fact in this case held to support the conclusions of law and the judgment.

Appeal from the District Court, Fourth Judicial District, Territory of New Mexico, County of Colfax. Affirmed.

H. L. BICKLEY and J. LEAHY, for Appellant.

Without demand, it was error for the court to find for appellee and render judgment in his favor. Cobbey on Replevin, sec. 481; Badger v. Phinney, 15 Mass., 364;

Barnes v. Gardner, 26 N. W., 858; Wheeler & Wilson M. Co. v. Tertzlaff, 10 N. W., 155; 34 Cyc. 1404; State to Use, etc. v. Daily, 7 Mo. App. 548.

The law requires only such formality of a transfer of dominion, or placing the donee in a position to assume dominion as will carry out the intention of the donor. Waite v. Grubbe, et ux, 73 Pac. 206; Calvin v. Free, 71 Pac. 823; Sprague v. Walton, 78 Pac. 645; Phinney v. State, id. 927; Pullen et al. v. Placer Co. Bank, 66 Pac. 740; Royston v. McCulley, 59 S. W. 725; Walker v. Haryear, 79 Pac. 472; Foley v. Harrison, 136 S. W. 354; Davis v. Zimmerman, 40 Mich. 24; May v. May, 36 Ill. App. 77; Lewis v. Merritt, 113 N. Y. 386; Carpenter v. Butterick, 41 Mich. 701, 3 N. W. 196; Fletcher v. Fletcher, 55 Vt. 325; Bennett v. Cook, 28 S. Car. 353; Sewell v. Glidden, 1 Ala. 52; Reynolds v. Reynolds, 18 S. W. 517; Kellogg v. Adams, 51 Wis. 138; Wheeler v. Wheeler, 43 Conn. 503; Williams v. Fitch, 18 N. Y. 546; Stevens v. Stevens, 2 Hun. 470; Fearing v. Jones, 20 N. E. 199; Scott v. Ford, 2 N. E. 925; Marston v. Marston, 5 Atl. 713; Devol v. Dye, 123 Ind. 321; Gammon T. Seminary v. Robbins, 128 Ind. 85; Love vs. Francis, 29 N. W. 843; Miller v. Le Piere, 136 Mass. 20; Phipps v. Hope, 16 O. St. 586; Stephenson v. King, 50 Amer. Rep. 172; Ross v. Draper, 55 Vt. 404 (45 Amer. Rep. 627); Porter v. Gardner, 60 Hun. 571; Patterson v. Patterson, 27 S. W. 837; Allen v. Cowan, 80 Am. Dec. 316; Danley vs. Rector, 50 Amer. Dec. 244; Harris v. Hopkins, 38 Amer. Rep. 180; Martrick vs. Linfield, 32 Amer. Dec. 265; Roach v. George's Executor, 13 Ky. Law. 493; Errington v. Errington, 2 N. C. 1; Bates v. Vary, 40 Ala. 421; Reed v. Colcock, 9 Amer. Dec. 729; Snyder v. Snyder, 92 N. W. 353; King v. Smith, 110 Fed. 95; Loan & Trust Co. v. Holmes, 93 N. W. 39; Pierce v. Savings Bank, 129 Mass. 431; Grover v. Grover, 35 Amer. Dec. 319; Brown v. Brown, 46 Amer. Dec. 328; Schollmyer v. Cohoendelin, 16 Amer. St. 455; Carradine v. Carradine, 58 Miss. 286; McKenzie v. Harrison, 120 N. Y. 260; Hunt v. Hunt, 119 Mass. 474; Ellis

v. Lacor, 18 Amer. Rep. 178; Davis v. Kuck, 101 N. W.. 165; Darland v. Taylor, 3 N. W. 510; Neal v. Neal, 9 Wall. 19 L. Ed. 590; 20 Cyc. 1199-1210; 27 Central Law Jour. 90; Thornton on Gifts, Secs. 148, p. 122, note 4, p. 125,. and pages 148, 154, 155, 158; Leyson v. Davis, 31 L. R. A. 429; Fulton v. Fulton, 48 Barb. 592; Armitage v.. Mace, 96 N. Y. 538; Wing v. Merchant, 57 Me. 383; Margaret G. Lord v. N. Y. Life Ins. Co., 56 L. R. A. 596.

The evidence of work done by appellant for deceased had a necessary bearing on the question of gift. Gillum v. French, 6 Colo. 196; Hurlburt v. Hurlburt, 2 N. Y.. Supp. 317; Thornton on Gifts, pp. 196-200.

When doubt exists whether the donor intended a gift or a loan, explicit declaration of intention made after the transaction is admissible, for the purpose of removing the ambiguity. Thornton on Gifts, secs. 225, 230; Doty v. Willson, 47 N. Y. 580; Blake v. Jones, Bail. Eq. (S. C.) 141; Yancey v. Field, 85 Va. 756; Harris v. Hopkins, 38 Am. Rep. 180.

The law always presumes knowledge of its requirements. Breier v. Weier, 33 Ill. App. 386; Marsh v. Prentiss, 48 Ill. App. 74; Phoenix v. Gillfillan, 47 Ill. App. 220; Oleson v. Gifford, 65 N. W. 294; Scrivens v. North Easton Sav. Bank, 44 N. E. 251; Falconer v. Holland, 13 Miss. 689; Myer v. Koehring, 31 S. W. 449; Amer. & Eng. Encyc., Vol. 14, 1024; Sims v. Sims, 33 Amer. Dec. 293; Hillbrant v. Brewer, 55 Amer. Dec. 757; Cummings v. Coleman, 62 Amer. Dec. 402; Alger v. N. E. Sav. Bank, 146 Mass. 418.

E. C. CRAMPTON and L. S. WILSON, for Appellee.

Motion to dismiss appeal. Street v. Smith, 103 Pac. 644 (N. M.).

Statute requires five days' notice to opposite party. Sec.. 26, Ch. 57, Laws 1897; In re Scott's estate, 61 Pac. 98; State v. Howard, 46 Pac. 650; Safford v. Turner, 37 Pac. 121; McKay v. Ry. Co. 31 Pac. 999; Van Why v. S. P. R. R. Co. 86 Pac. 485.

Statute requires signing and settling bill of exceptions. Maloney v. Adsit, 175 U. S. 281.

Bill of exceptions was never filed with the Clerk of the Court. Pettitt v. People, 52 Pac. 676; L. & N. R. R. v. Schmide, 46 N. E. 344.

On merits. Pleadings are sufficient. Lucas v. Pittman, 10 So. Rep. 603; Sub-section 245, Ch. 107, Laws of N. M. 1907; 31 Cyc. 490; 34 Cyc. 1489; Sub-sec. 81, sec. 2685, laws of 1897.

Delivery of property must be shown, and burden of proof is on claimant. Duncomb v. Richards, 9 N. W. 149; Tompkins v. Leary, 118 N. Y. Supp. 810; 6 Enc. of Ev. 206 and 207.

A mere declaration of a gift is not sufficient to make it valid. There must be an actual delivery and change of the subject matter. Barnum v. Reed, 26 N. E., 572; Yancey v. Field, 8 S. E., 721; Truby v. Pease, 88 N. E., 1005; Noble v. Smith, 3 Am. Dec. 399; Chamberlain v. Eddy, 118 N. W. 499; Turnbull v. Turnbull, 103 N. Y. Supp. 499; Hecht v. Shaffer, 85 Pac. 1056; Nogga v. Savings Bank, 65 Atl. 129; Buecker v. Carr, 47 Atl. 34; Citizens' Savings Bank v. Mitchell, 30 Atl. 626; Drew v. Hagerly, 17 Atl. 63; Allen v. Allen, 77 N. W. 567.

Where the gift is not asserted until the death of the donor the transaction should be proven by clear and convincing evidence. Robinson v. Savings Bank, 95 Pac. 533; Knight v. Tripp, 54 Pac. 267; Schuyler v. Stevens, 68 Atl. 311; In re Wright, 106 N. Y. Supp. 369; Duncomb v. Richards, 9 N. W. 149; In re Bailey, 98 N. Y. Supp. 725; Jones v. Falls, 73 S. W. 903.

Gifts against the policy of the law are regarded with suspicion. Albro v. Albro, 65 S. W. 592; Gano v. Fisk, 3 N. E. 532; Davis v. Davis, 104 N. Y. Supp. 824; Buecker v. Carr, 47 Atl. 34; Smith v. Smith, 24 S. E. 280.

In case of gifts *inter vivos* or *causa mortis* title of property will not pass without actual delivery. Stark v. Kelley, 113 S. W. 498 (1908); Nelson v. Peterson, 88 N. E. 916, Mass. 1909; Bickford v. Mattocks, 50 Atl. 894, Md.; Medlock v. Powell, 2 S. E. Rep. 149; Jones v. Crisp, 71 Atl. 515, Md. 1908; In re Schiehl's Estate, 36 Atl. 181, Pa.; Bauernschmidt v. Bauernschmidt, 54 Atl. 637, Md.; Bruce

v. Squyer, 74 Pac. 1102; Wright v. Bragg, 106 Féd. 25; Yoken v. Hicks, 93 Ill. App. 667; Taylor v. Vail, 66 Atl. 820, Vt. 1907; 14 A. & E. L. 1015-1026; 20 Cyc. 1195.

If bailee appears to be agent of the donor, the attempted gift is invalid. Bickford v. Mattocks, 50 Atl. 894; Truby v. Pease, 88 N. E. 1005; Godard v. Conrad, 101 S. W. 1108; Appeal of Walsh, 15 Atl. 470

An attempted gift by way of delivery is insufficient unless the money is obtained thereon and delivered. In re Stitt's Estate, 106 N. W. 114, Wis. 1906; 20 Cyc. 1206; Shubert v. Shubert, 76 S. W. 821, Tenn.; In re Bartlett, 40 N. E. 899, Mass.; Mason v. Gardner, 71 N. E. 952, Mass.; Conrad v. Manning, 83 N. W. 1038, Mich.; Tracy v. Alvord, 50 Pac. 757, Cal.; Shaw v. Camp, 43 N. E. 608, Ill.; Foxworthy v. Adams, 124 S. W. 381, Ky. 1910; In re Smith's Estate, 38 Atl. 66 Vt.; Quirk v. Quirk, 155 Fed. 199; Rodemer v. Rettig, 71 S. W. 869; Ross v. Walker, 32 So. 934; Trembly v. Klersy, 104 N. W. 419, Mich. 1905.

Where property is wrongfully detained no demand is necessary. Webster v. B-B-C Co., 20 So. 536, Fla.; 34 Cyc. 1404; Satterthwaite v. Ellis, 39 S. E. 726, N. C.; Klug v. Munce, 90 Pac. 603, Colo. 1907; Leek v. Chestey, 67 N. W. 580, Okla.; Milligan v. B. W. & S. Co., 68 N. Y. Supp. 744; Bisbee v. Fadden, 1 N. E. 742, Mass.; Guthrie v. Olson, 46 N. W. 853, Minn.; Thompson v. Thompson, 91 N. W. 44, N. D.; 34 Cyc. 1409, 1410; Barton v. Mulvane, 52 Pac. 883, Kansas; Breitenwischer v. Clough, 69 N. W. 88, Mich.; Bryne v. Bryne, 62 N. W. 413, Wis.

Appellate courts will not disturb judgments of trial courts on disputed evidence where the evidence reasonably tends to support the judgment. Sherman v. Hicks, 14 N. M. 439; Richardson v. Pierce, 14 N. M. 334; Hancock v. Beasley, 14 N. M. 239; 3 Cyc. 360.

### OPINION OF THE COURT.

PARKER, J.—This is an action of replevin, and heretofore upon motion, the Bill of Exceptions was stricken from the record by the Territorial Supreme Court. The

inquiry here then is limited to questions arising on the pleadings, findings of fact, and conclusions of law.

The first assignment questions the action of the Court in refusing to strike out the second amended complaint of appellee. The motion to strike out was founded upon two propositions, viz: (1) that the same was illegally filed because not authorized by leave of the Court first had and obtained; (2) that there is a variance between the affidavit in replevin and the complaint.

In regard to the first proposition it is to be observed that, at the time of the filing of the second amended complaint, there was pending a motion to strike from the files the first amended complaint. The filing of the second amended complaint, under such circumstances, amounted to a confession of the motion and accomplished all that appellant could accomplish by securing favorable action of the Court on his motion. Under such circumstances, appellant cannot be heard to complain, there being no injury. The refusal of the Court to strike out the second amended complaint was the equivalent of granting leave, then and there, to file the second amended complaint, or, at least, cures the irregularity of filing without leave.

31 Cyc. 368.

As to the second proposition, it may be said that in each of the three successive complaints filed by the appellant he sued as administrator of the estate of Patrick Berry, Sr. The affidavit in replevin is entitled in the cause, and appellee is styled as administrator in the title, and he subscribed the affidavit as complainant in the cause. But in the body of the affidavit, as the language is "personally appeared Patrick Berry, Jr., who being duly sworn, declares and says, that he has the legal right to the possession of the following described chattels and property, to-wit:"

Counsel say that this was a substantial variance between the complaint and affidavit, and required the Court to strike out the complaint. Even if this amounted to a variance, we are at a loss to understand how it required.

the striking out of the complaint. Counsel cite no authority. If the affidavit was defective, it might furnish the basis for a motion to quash the writ of replevin, but it would certainly neither require nor authorize the striking out of the complaint. The first assignment, therefore, is not sustained.

The second assignment challenges the action of the Court in overruling the plea in abatement interposed by appellant to the second amended complaint.

The plea raised two propositions: (1) that there was a misnomer of both plaintiff and defendant in that they were styled, Patrick Berry, Jr., and Peter Ross, Jr., whereas their true names were Patrick Berry and Peter Ross; (2) that there was a variance between the affidavit in replevin and the complaint as above indicated.

It is hardly necessary to cite authority that the suffix "Jr." added to a man's name is no part of his name, and, with some few exceptions, may be disregarded.

17 A. & E. Ency. Law (2nd ed.) 1036.

29 Cyc. 267.

Therefore, the question of variance had been held adversely to appellant on the motion to strike out the second amended complaint. If the question was still open, the plea in abatement was waived by a subsequent answer upon the merits.

31 Cyc. 185.

Several of the assignments present the proposition that the conclusions of law are not sustained by the findings of facts. The Court made, among other findings of fact, the following:

"I find that during his lifetime, the decedent, Patrick Berry, made statements, not only that it was his intention to give the property in controversy to Peter Ross, Jr., but also that he had given said property to Peter Ross, Jr., and these statements are uncontroverted, and the Court finds them to have been made beyond a doubt."

"I also find that the said decedent, Patrick Berry, before leaving for Illinois, told the defendant, Peter Ross,

that he gave him all the horses, farming implements in controversy, and that he was to keep them on the decedent's place and feed them there."

"I also find that when the deceased, Patrick Berry, left for Illinois, that he left the defendant, Peter Ross, Jr., in charge of said horses and implements, but that he also left Patrick Berry, Jr., in charge of certain stock, to-wit, cattle, on said place, and that said stock were cared for for some time after the departure of the deceased, indiscriminately fed together."

"I also find that after his return from Illinois, he never exercised any control or dominion over said property, with the exception of mending some harness. I think that is all that is shown in the evidence."

The Court drew the following conclusions of law:

"That the decedent, Patrick Berry, Sr., though intending to make a gift *inter vivos,* failed to do so, for the reason that the evidence fails to show that said gift was completed by delivery to the defendant, Peter Ross, Jr., of the articles he claims, except those found in the statement of the foregoing findings of fact."

"That the plaintiff in this case, is entitled to judgment as prayed for in his complaint to all those articles. except those mentioned in the findings of fact, and that judgment be entered accordingly."

"I find that the demand was unnecessary, and that the costs in said cause, be paid, one-half by the plaintiff, and one-half by the defendant."

We are unable to see wherein the findings of fact fail to support the conclusions. It appears from the fourth finding of fact, that the grandfather gave the appellant instructions as to where he was to keep the property in question. This negatives the idea of a complete delivery of possession and dominion. The first conclusion of law, so called, is a mixed conclusion of law and fact, and is a finding that delivery was not complete. No further nor more explicit or detailed findings were requested by the appellant, and we are unable to examine the Bill of Exceptions, it having heretofore been stricken

out. It therefore becomes impossible to say that delivery was in fact completed by the grandfather to the appellant. It follows, therefore, that the assignments relating to this matter cannot be sustained.

The conclusion of the Court that no demand was necessary was correct, the appellant claiming title and right to possession therefrom in himself.

34 Cyc. 1409.

Cobbey on Replevin, Secs. 447, 448.

All of the remaining assignments relate to matters occurring at the trial and are not reviewable here in the absence of the Bill of Exceptions.

There was no error in the judgment of the Court below, and it will be affirmed, and it is so ordered.

### SYLLABUS (BY THE COURT).

