[Civ. No. 2908. First Appellate District, Division Two.—August 4, 1919.]

## OTTO BURMESTER et al., Respondents, v. GEORGE P. McNEAR, as Executor, etc., et al., Appellants.

[1] PLEADING—DEATH OF DEFENDANT—SUBSTITUTION OF REPRESENTATIVES—PRESENTATION OF CLAIM—SUFFICIENCY OF OBJECTION TO COMPLAINT.—In an action against the executor and executrix of the last will and testament of a decedent substituted in lieu of said decedent, an objection to the sufficiency of the complaint in that it fails to allege a presentation of a claim, as provided by

section 1502 of the Code of Civil Procedure, must be sufficiently specific to call to the attention of the plaintiffs the precise point upon which such objection rests. A general objection "That no proper or any foundation has been laid either for the suit or the cause of action or the testimony or the evidence" is insufficient.

[2] ID.—FAILURE. TO OBJECT IN TRIAL COURT — APPEAL — WAIVER.— Where proper objection to the insufficiency of such complaint was not made in the trial court, such objection may not be made for the first time upon appeal.

APPEAL from a judgment of the Superior Court of Sonoma County. Emmet Seawell, Judge. Affirmed.

The facts are stated in the opinion of the court.

F. A. Meyer for Appellants.

G. P. Hall and E. J. Dole for Respondents.

LANGDON, P. J.—This action was originally commenced against John W. Horn, defendants' testator. Plaintiffs sought to obtain a judgment for $1,646, the amount alleged to have been paid to Horn by them under a contract of purchase of real and personal property, the possession of which was later taken from plaintiffs in breach of their contract of purchase, and also for one thousand dollars damages suffered by them by reason of the breach of the said contract by Horn. Judgment was rendered by the superior court for the county of Sonoma against the plaintiffs herein, from which judgment an appeal was taken. Upon the appeal the judgment was reversed. In the meantime, the defendant Horn had died and the superior court, on February 18, 1918, made its order of substitution of parties defendant, ordering that the present defendants be substituted as executor and executrix, respectively, of the last will of J. W. Horn, deceased. Upon the retrial judgment was rendered for the plaintiff in the sum of $1,365.80.

[1] The defendant appeals, and presents but one question, namely: Does the amended complaint state a cause of action? The argument upon this point is that as the amended complaint contains no allegation that plaintiffs, or either of them, has filed a claim with the clerk or presented such a claim to the executors for allowance or re-

jection, it does not meet the requirements of section 1502 of the Code of Civil Procedure, declaring that "no recovery shall be had in the action unless proof be made of such filing or presentation." One of the cases relied upon by appellant is the case of *Falkner* v. *Hendy,* 107 Cal. 49, [40 Pac. 21, 386], but that case expressly states that a judgment would not be void although the fact of presentation of the claim to the executor was neither alleged nor proven; that such judgment would merely be erroneous and would not be reversed on appeal unless the objection was first made in the trial court. To the same effect are the cases of *Bank of Stockton* v. *Howland,* 42 Cal. 129, 134; *Drake* v. *Foster,* 52 Cal. 225. In the case of *Bank of Stockton* v. *Howland, supra,* it is said that the purpose of the rule requiring objection to be made in the trial court is to give the claimant an opportunity of supplying the requisite pleading or proof, as the case may require.

The objection made by the appellant in the trial court, and which he relies upon now to meet this rule, was: "That no proper or any foundation has been laid either for the suit or the cause of action or the testimony or the evidence." While this broad general objection might include a number of specific objections, we think it was the duty of the defendants to have made their objection specific so as to call to the attention of the plaintiffs the precise point upon which they are now relying on appeal. As was said in the case of *Martin* v. *Travers,* 12 Cal. 243–245: "The party should have laid, as the authorities say, his finger on the point at the time." (*Mott* v. *Smith,* 16 Cal. 533, 555.) In the case of *Cochran* v. *O'Keefe,* 34 Cal. 554, 556, the court, in considering a similar objection that a proper foundation had not been laid for the introduction of a deed in evidence, said that such an objection failed to specify the point upon which it rests; that had the point been specified when objection was made on the trial, plaintiffs might have entirely obviated the objection by preliminary or subsequent evidence.

So in the present case, if the objection had been specifically made so as to call the matter to the attention of the plaintiffs, presentation could have been made, because the action was brought within the time allowed for presentation of claims, and a supplemental complaint could have

42 Cal. App.—34

been filed alleging presentation, which has been held to be the proper method of procedure. (*Falkner* v. *Hendy, supra.*) **[2]** We are, therefore, of the opinion that proper objection was not made in the trial court, and under the authorities herein cited, such objection may not be made for the first time upon appeal.

The judgment is affirmed.

Brittain, J., and Haven, J., concurred.