[Civ. No. 5471. First Appellate District, Division One.—December 20, 1926.]

## THE W. H. MARSTON COMPANY (a Corporation), Appellant, v. F. J. KOCHRITZ et al., Respondents.

[1] JUDGMENTS—DEFAULT—ENTRY—DUTY OF CLERK.—Under subdivision 1 of section 585 of the Code of Civil Procedure, it is the duty of the clerk, after entering a default, to enter judgment immediately thereafter, and his failure to do so can in no way prejudice the rights of plaintiff or confer any right on a defendant, whose default has been regularly entered.

[2] PARTIES—STOCKHOLDERS' LIABILITY—PLEADING—AMENDMENTS.—In an action to enforce stockholders' liability, where the administrator of a deceased stockholder was not made a party in the original complaint, plaintiff had the right to amend and make him a defendant under section 473 of the Code of Civil Procedure.

[3] ID.—ORDER GRANTING LEAVE TO AMEND—SUFFICIENCY OF.—In such action, a general order giving plaintiff leave to amend was sufficient to permit an amended complaint to bring in the administrator of a deceased stockholder as a new party, he being a proper party defendant.

[4] ID. — APPEAL — PLEADING — AMENDMENTS — NOTICE — JUDGMENTS. A decree cannot be attacked on appeal because of the filing of an amended complaint making new parties without leave of court and notice to adverse parties, where the amendment was proper, and no question of defect of parties was made in the trial court.

[5] APPEAL—ORDER DISMISSING ACTION—NOTICE OF MOTION.—Under section 1010 of the Code of Civil Procedure, a notice of motion must state the grounds upon which it will be made, and on appeal from an order dismissing an action to enforce stockholders' liability, the administrator of a deceased stockholder cannot raise the question that the action against him was prematurely brought, where such ground was not stated in the notice of motion to dismiss the action.

[6] PLEADING—EXECUTORS AND ADMINISTRATORS—NONPRESENTATION OF CLAIMS.—The nonpresentation of a claim to an administrator is a matter of abatement, which must be raised by proper means in the trial court, and if not so raised, it cannot be urged on appeal.

1.    See 14 Cal. Jur. 893.
3.    See 20 Cal. Jur. 537.
4.    See 20 Cal. Jur. 581.
5.    See 18 Cal. Jur. 654.

[7] Id.—Complaint—Amendments.—Where an amended complaint is filed, the original ceases to be the complaint in the action and is entirely superseded by the amended complaint.

[8] Id.—Process—Summons—Service. — An amended complaint must be served upon all defendants who have appeared in the action, and, if any have not appeared, summons must be issued upon the amended complaint and served upon such defendants.

[9] Process — Amended Complaint — Alias Summons. — Where the summons on the original complaint has been returned and filed, the clerk has the power, and it is his duty, under section 408 of the Code of Civil Procedure, to issue an *alias* summons upon a second amended complaint.

[10] Id. — Form of Summons — Additional Parties. — A summons issued on a second amended complaint is an "*alias* summons" within the meaning of section 408 of the Code of Civil Procedure, which provides that an *alias* summons shall be "in the same form as the original," and the addition of another party does not change the form of the summons, which otherwise conforms to the requirements of section 407 of the Code of Civil Procedure.

[11] Appeal — Order Quashing Service of Summons — Judgments—Review.—An order of the trial court quashing service of summons may be reviewed on appeal under section 956 of the Code of Civil Procedure, where such order was part of an order dismissing the action, which was a final judgment within the meaning of section 963 of the Code of Civil Procedure.

(1) 34 C. J., p. 179, n. 52, p. 180, n. 80 New. (2) 14 C. J., p. 1108, n. 58, p. 1124, n. 53 New; 31 Cyc., p. 472, n. 89. (3) 14 C. J., p. 1109, n. 59, 78, p. 1124, n. 53 New. (4) 3 C. J., p. 768, n. 99. (5) 3 C. J., p. 771, n. 39. (6) 3 C. J., p. 706, n. 32. (7) 31 Cyc., p. 465, n. 29. (8) 31 Cyc., p. 594, n. 60; 32 Cyc., p. 424, n. 21, p. 425, n. 29. (9) 32 Cyc., p. 446, n. 24. (10) 32 Cyc., p. 446, n. 26. (11) 3 C. J., p. 497, n. 26; 4 C. J., p. 682, n. 93.

APPEAL from an order of the Superior Court of the City and County of San Francisco quashing summons and dismissing an action to enforce stockholders' liability. George H. Cabaniss, Judge. Reversed.

The facts are stated in the opinion of the court.

Keyes & Erskine for Appellant.

7.  See 21 Cal. Jur. 212; 21 R. C. L. 587.
8.  See 21 Cal. Jur. 224.
10.  See 21 Cal. Jur. 483.

B. D. Marx Greene and Hugh K. Landram for Respondents.

CAMPBELL, J., *pro tem.*—This is an action against the stockholders of Central Alaska Fisheries, Inc., to enforce their stockholders' liability. On June 26, 1924, the trial court made an order quashing the summons issued upon the second amended complaint and dismissing the action as to Mathew Hamilton, as the administrator of the estate of J. Carmichael, deceased, and this appeal is from that order.

The grounds of the action, as alleged in the second amended complaint, are that W. H. Martson guaranteed the notes of the Central Alaska Fisheries, Inc., aggregating $138,000; that as such guarantor he paid $126,644.60 on account of the principal and interest of such notes, and that the corporation has repaid to him the sum of $18,681.89 and no more. The action is brought by The W. H. Marston Company, as the assignee of W. H. Marston, against the stockholders of Central Alaska Fisheries, Inc., to recover the amount expended by W. H. Marston over and above the amount repaid to him by the corporation.

The first complaint was filed on September 17, 1923. It named J. Carmichael as the owner of 400 shares of the total of 9,794 shares of the subscribed capital stock of Central Alaska Fisheries, Inc. On July 2, 1923, prior to the commencement of the action, J. Carmichael had died.

On December 20, 1923, a stipulation was signed by the attorneys representing the defendants who had appeared in the action, stipulating that the plaintiff could file an amendment to his complaint. This amendment named the administrator of the estate of J. Carmichael, deceased, as a party defendant, and added a paragraph to the complaint which alleged that on July 2, 1923, J. Carmichael had died; that on July 20, 1923, the administrator had been appointed and had qualified; that on November 7, 1923, the plaintiff had filed a claim against his estate for $5,272.20 with interest "being the proportion of the debts of the said corporation due by the said J. Carmichael to The W. H. Marston Company, as assignee of W. H. Marston on account of the stockholders' liability incurred by the said J. Carmichael to the said W. H. Marston," and that the plaintiff

had elected to treat the refusal of the administrator to act on this claim as a rejection of it.

This amendment was filed on December 27, 1923, but no minute order was made by the court granting plaintiff leave to file it.

The summons in the action, together with a copy of the amendment to the complaint, was served by the sheriff of San Joaquin County on the administrator on January 11, 1924, and the summons was returned and filed February 14, 1924.

The plaintiff moved to amend his complaint. The motion was based on a notice of motion to which was attached a copy of the proposed amended complaint. The proposed amended complaint named the administrator as a party defendant, and contained the same allegations respecting the death of J. Carmichael, the appointment and qualifications of the administrator, and the filing and rejection of the claim as those set out in the amendment to the complaint filed on December 27, 1923.

On February 8, 1924, the court made its order granting plaintiff leave to file the amended complaint. Certain defendants filed a demurrer to this amended complaint and on March 21, 1924, the court made an order sustaining the demurrer and granting plaintiff leave to amend.

The plaintiff in pursuance of this order, on April 7, 1924, filed a second amended complaint, which also named the administrator as a party defendant, and contained the same allegations respecting the death of J. Carmichael, the appointment and qualification of the administrator, and the filing and rejection of the claim, as those contained in the amendment to the complaint, and the amended complaint. The original summons in the action was returned and filed on February 14, 1924, and on April 7, 1924, when the second amended complaint was filed, the clerk issued a summons thereon which was served on the administrator on April 9, 1924, and was returned and filed on April 11, 1924. On May 22, 1924, the default of the administrator for failing to answer the second amended complaint was entered by the clerk.

On June 7, 1924, the administrator served a notice of motion on plaintiff, reciting that the administrator appeared in the action "specially only" and that he was going to

move the court for an order quashing the summons issued upon the second amended complaint "upon the grounds that there has been no order of this court authorizing or directing the issuing of an amended summons in this action," and also for an order dismissing the action as to the administrator "on the ground that there has been no order of this court bringing in said Mathew Hamilton, as administrator of the estate of J. Carmichael, deceased, as a necessary party defendant in this action." When this motion came on for hearing the court made its order quashing the summons issued upon the second amended complaint and dismissing the action as to the administrator of the estate of J. Carmichael, deceased.

Heretofore, respondent made a motion in the supreme court to dismiss the appeal upon the ground that the orders appealed from were nonappealable. This motion, as stated by respondent, was denied, the court holding that the order dismissing the action was appealable and that the order quashing the summons was a part of the other order inasmuch as it was a part of the same document. It will be noted that according to the record the motions to quash and dismiss were contained in one document, as were likewise the order to quash and to dismiss.

[1] The first point discussed by appellant in his brief is the effect of the default of the administrator and cites us to *Christerson* v. *French*, 180 Cal. 525 [182 Pac. 27], as holding that a default having been entered against the administrator, he was out of court and not entitled to make the motion, nor take any other step in the cause. In the case cited the court stated the effect of the default as follows: "In the matter of entering judgment the clerk had no discretion, but having entered the default he was bound under said subdivision (Subd. 1, Sec. 585, Code Civ. Proc.), to enter judgment 'immediately thereafter.' The fact that he did not enter judgment 'immediately thereafter' in no way prejudiced the rights of plaintiff and conferred no right on the defendant, whose default had been regularly entered. A defendant against whom a default is entered is out of Court and is not entitled to take any further steps in the cause affecting plaintiff's right of action." The case goes on to say that the filing of a demurrer and motion to strike

out did not suspend the duty of the clerk to enter judgment and the filing of such papers could have no legal effect.

In the instant case the respondent concedes that after the default was entered he could not demur nor plead to the complaint, but urges that he has not attempted to appear in the action, but appeared specially and attacked directly the jurisdiction of the court—that is, that the entry of the default was without jurisdiction and void. This he would have the right to do even after entry of judgment. While judgment was not actually entered by the clerk, the default having been entered, the fact that judgment was not immediately entered must be considered as entered so far as the proceedings in this action are concerned, as the clerk's failure to enter judgment upon the default can in no way prejudice the rights of plaintiff and can confer no right on defendant whose default has been regularly entered (*Edwards* v. *Hellings*, 103 Cal. 204 [37 Pac. 218] ; *Beck* v. *Pasadena Water Co.*, 130 Cal. 50 [62 Pac. 219] ; *Christerson* v. *French, supra*). The respondent, however, contends that the default was not regularly entered, but was without jurisdiction because there was no order of court joining the administrator as a necessary party defendant; and, second, because there was no order of court directing the issuance of summons upon the amended complaint. As to this second point urged, appellant concedes that no order was made by the court directing the issuance of summons.

[2]   The administrator of the estate of J. Carmichael, deceased, was appointed and qualified as such on July 20, 1923. The suit was commenced on September 18, 1923. The administrator was not made a party defendant in the original complaint, and while he was not a necessary party to determine the rights as between the parties plaintiff and defendants, he was a proper party defendant, for by bringing him in, the entire matters growing out of the transaction could be adjudicated. Under the circumstances the plaintiff had the right to amend his complaint, making him a party defendant in the action. Section 473 of the Code of Civil Procedure provides: "The Court may in the furtherance of justice, and on such terms as may be proper, allow a party to amend any pleading or proceeding by *adding* or striking out *th'e name of any party,* or by correcting a mistake in the name of the party."

There can be no doubt but that, under section 473 of the code, plaintiff had the right to amend his complaint by making the administrator a party. The claim, however, is made that the amendment joining the defendant was made without leave of court.

[3]   On December 27, 1923, plaintiff moved to amend its complaint. The motion was based on notice of motion to which was attached a copy of the proposed amended complaint. The proposed amended complaint named the administrator as a party defendant and was before the court when it made its order giving plaintiff leave to file an amended complaint—what amended complaint, why assuredly the amended complaint, a copy of which was before the court, and which named the administrator a party defendant. A demurrer was sustained to this amended complaint and the court made an order giving plaintiff leave to again amend. It would be supertechnical to hold that when a motion is made to amend and the motion has attached to it the amendment itself which it is proposed to file, that in granting the motion, because it does not expressly so state, that it does not include the right to file the proposed amendment which is submitted to the court as the basis for the order. However, there can be no doubt but that the administrator was a proper party and that plaintiff was given leave generally to amend, and that, therefore, whether it be held that the order to amend based on a motion which had attached to it the proposed amendment carried with it the right to file the proposed amendment in the absence of the order expressly directing such filing, is of no moment, as, under the authority of *Louvall* v. *Gridley,* 70 Cal. 507 [11 Pac. 777], the general order giving leave to amend is held sufficient, under circumstances similar to those in the instant case, to permit the amended complaint to bring in a new defendant who was a proper party. In *Louvall* v. *Gridley,* the court says: ''We think the rulings were right. The administratrix was a proper party to the action, and the plaintiff, having obtained leave to amend generally, had a right to make her a party, without any special permission to do so.'' [4]   The question as to whether the filing of an amended complaint without leave of court renders a judgment void where such order is a prerequisite to filing an amended complaint has not been

passed upon in this state so far as we have been able to discover; at least none has been cited. In other jurisdictions, however, the rule is, that the filing of an amended complaint without leave of court does not render a judgment void, but is a mere irregularity which cannot be taken advantage of for the first time on appeal. It is the rule that an amended complaint, filed after answer and without leave of court first obtained, where plaintiff was not entitled as a matter of right to file such amendment, is subject to be stricken from the files on motion of the defendant. But, if it is not stricken and the court thereafter recognizes it, the irregularity will be deemed cured (*Danielson* v. *Danielson*, 62 Mont. 83 [203 Pac. 506]). A decree cannot be attacked on appeal because of the filing of an amended petition making new parties without leave of court and notice to adverse parties, where the amendment was proper, and no question of defect of parties was made in the trial court (*West Side Lumber Co.* v. *Hathaway*, 115 Iowa, 654 [89 N. W. 35]; see, also, *Ross* v. *Berry*, 17 N. M. 48 [124 Pac. 342]; *Carlisle* v. *Sells-Floto*, 180 Iowa, 549 [163 N. W. 380]).

[5] Respondent urges that because the claim was not presented to the administrator and rejected, which was a necessary prerequisite before filing suit—before the original complaint was filed—that the action, as far as the administrator is concerned, was prematurely brought. This point cannot be raised at this time. Section 1010 of the Code of Civil Procedure provides that a notice of motion must state the grounds upon which it will be made, and it has been held under this section that the court may consider only such grounds as are specified in the motion (*Mojave & Bakersfield Ry. Co.* v. *Cuddeback*, 28 Cal. App. 439 [152 Pac. 943]; *Garrett* v. *Garrett*, 31 Cal. App. 173 [159 Pac. 1050]). The respondent's notice of motion to dismiss the action was based only upon one ground, and this did not include his present claim that the action was prematurely brought.

[6] If, however, respondent could now raise this point, it would be of no avail to him, as it is established in this state that the nonpresentation of a claim to an administrator is a matter of abatement and that it must be raised by proper means in the trial court and that if it is not so raised it cannot be urged on appeal (*Hentsch* v. *Porter*, 10 Cal. 555; *Coleman* v. *Woodworth*, 28 Cal. 567; *Peterson* v. *Horn-*

*blower,* 33 Cal. 266; *Preston* v. *Knap,* 85 Cal. 560 [24 Pac. 811]; *Burmaster* v. *McNear,* 42 Cal. App. 527 [183 Pac. 832]). Here it is not contended that a plea in abatement was filed nor that the objection was in any manner raised in the trial court. In the case of *Bemmerly* v. *Woodward,* 124 Cal. 568 [57 Pac. 561], in which case the facts closely parallel the instant case, the court says: "The supplemental complaint avers that the claim for the amount due plaintiff was duly presented to the defendant as executrix of the estate of Woodward within the time allowed by law for the presentation of claims, and that it was rejected. These allegations are admitted in the answer—still the complaint itself shows that the suit was commenced before the claim had been presented and rejected. There was no plea in abatement, nor was any objection made on this account at the trial or before judgment. . . . Section 1498 enacts that, if rejected, suit must be brought within three months; and Section 1500, that no holder of a claim shall maintain an action thereon unless the claim is first presented, except upon mortgage liens. It is contended that plaintiffs had no cause of action at the time that the suit was commenced, and such objection may be made at any time in the trial court, although it cannot be made for the first time in this court. It has been held, however, that this is a mere matter of abatement, which is waived unless pleaded. Formerly such plea could only be interposed before a plea to the merits. Under our code all defenses may be included in the answer, but if the defense which is mere matter of abatement is not made by that time it should be deemed waived." In *Hentsch* v. *Potter, supra,* holding that this question must be raised in the answer by way of plea in abatement, the court gives the reason for the rule. "It is simply a matter of abatement— a defense which is not favored, and must be made by plea, and in proper time, or it is waived. . . . In this case if the defense had been properly made, plaintiffs could have dismissed their suit and brought another. But if, after three months had elapsed after the claim was rejected the point could be successfully urged, plaintiffs would have lost their right of action."

A motion was also made to quash the service of summons upon the ground that the court made no order permitting

the plaintiff to amend the summons, and an order was made granting this motion.

The summons issued upon the original complaint, which was returned and filed on February 14, 1924, did not name the administrator as a defendant. When the second amended complaint was filed on April 7, 1924, the clerk issued a summons upon this complaint, which named the administrator as a defendant, and which was served upon him on April 9, 1924, and filed on April 11, 1924. No order of court was made at the time the second amended complaint was filed, directing the issuance of summons thereon. It is contended that in the absence of such an order, the clerk had no right to issue summons upon the second amended complaint and that his act in so doing was void.

[7] It is elementary that when an amended complaint is filed the original complaint ceases to be the complaint in the action. It is entirely superseded by the amended complaint, and in this action, the second amended complaint superseded all previous complaints filed. [8] An amended complaint must be served upon all defendants who have appeared in the action. If any defendants have not appeared, a summons must be issued upon the amended complaint and served upon such defendants. (*Thompson* v. *Johnson*, 60 Cal. 294; *Witter* v. *Bachman*, 117 Cal. 318 [49 Pac. 202]; *Linott* v. *Rowland*, 119 Cal. 452 [51 Pac. 687].) [9] As the summons on the original complaint had been returned and filed, the clerk had power, and it was his duty under section 408 of the Code of Civil Procedure, to issue an *alias* summons upon the second amended complaint—the only complaint in the action—and as the administrator was named as a party defendant, the summons issued necessarily included him. Section 408 of the Code of Civil Procedure provides: "If the summons is returned without being served on any or all of the defendants, or if it has been lost, the clerk, upon the demand of the plaintiff, may issue an *alias* summons in the same form as the original, and within such time as the original might have been served if it had not been lost or returned," and as the administrator was named as a defendant in the second amended complaint, the summons issued thereon necessarily included him.

[10] The summons issued on the second amended complaint while entitled an "amended summons" is an *"alias*

summons,'' and is in the same form and language of the original summons, excepting for the addition of the administrator as a party, and respondent contends that such addition changes the form of the summons, and not being in the same form as the original, it was not an *alias* summons, and therefore its issuance was without authority. Section 408 of the Code of Civil Procedure provides that an *alias* summons shall be ''in the same form as the original.'' Section 407 of the same code provides what shall be the form and contents of the summons, viz., that it must be directed to the defendant, signed by the clerk and issued under the seal of the court and must contain (1) the names of the parties; the court in which the action is brought and the county in which the complaint is filed; (2) a direction that defendant appear and answer the complaint within a specified time, and (3) notice that unless he does appear and answer, the plaintiff will take judgment for the money or damages demanded, etc. ''The provision of Section 408 of the Code of Civil Procedure as to the form of the *alias* summons means no more than that it shall conform to the requirements of Section 407 of the Code of Civil Procedure, and did not preclude the insertion therein of the name of a defendant, which through clerical error, had been omitted from the original summons.'' (*Doyle* v. *Hampton*, 159 Cal. 729, 732 [116 Pac. 39, 41].) In the light of this case there can be no doubt but that the *alias* summons issued in the instant case is in the ''same form'' as the original.

[11] Respondent insists that the appellant has not the right to have the order of the trial court quashing the service of the summons reviewed upon this appeal. As hereinbefore stated, the supreme court denied a motion to dismiss this appeal, holding that the order quashing the summons was a part of the other order dismissing the action. This order of the trial court dismissing the action was a final judgment within the meaning of section 963 of the Code of Civil Procedure, and appellant has the right to a review of the order quashing the service of summons under section 956 of the Code of Civil Procedure.

Respondent has cited a number of authorities which he urges uphold the order of the trial court. After a careful reading of the cases and code sections cited, we conclude that they are not in conflict with the views herein stated.

From what we have said it follows that the court below erred in quashing the service of the summons and dismissing the action as to Mathew Hamilton, as the administrator of the estate of J. Carmichael, deceased, and that as the default was properly entered it is the duty of the clerk to enter judgment in favor of appellant upon such default.

The order appealed from is reversed and the cause remanded for proceedings in accordance with the views herein expressed.

Tyler, P. J., and Knight, J., concurred.

A petition by respondents to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on February 17, 1927.