A. Y. MCDONALD COMPANY, Appellee, v. ADA S. MORRISON et al., Appellants.

No. 39515.

January 21, 1930.

Rehearing Denied January 21, 1931.

*B. I. Salinger*, for appellants.

*Helmer & Minnich*, for appellee.

Stevens, J.—A brief reference to the issues is essential in this case. The petition is in two counts. In Count 1, appellee alleges that, on or about November 29, 1924, it sold certain plumbing and heating fixtures to the appellant Ada S. Morrison for installation and use in a certain apartment and office building then in process of construction in the city of Carroll. It is further alleged that the transaction was had with appellant O. C. Morrison as the agent of his wife and co-appellant, who was the owner of the building. Count 2 asks recovery against the appellant O. C. Morrison, to whom it is alleged the material was sold and delivered. In addition to a general denial, the answer admits the purchase of the plumbing and heating fixtures, and that Ada Morrison is the owner of the building on which a mechanics' lien is asked; admits the filing of the account in the office of the clerk of the district court for a mechanics' lien; avers that they made no contract with appellee; denies that

appellee furnished any of the supplies referred to; and, in a separate paragraph, avers that the person of whom they purchased the material described in the petition has been fully paid, and that the said material was so defective as that the defendant O. C. Morrison was compelled to expend the sum of about $200 for the purpose of obviating the defects. The answer asks that the petition be dismissed, with costs. The receipt of the items set out in the petition is admitted by counsel for appellants.

I.   The evidence without material conflict shows that the materials described in the petition were sold to the appellant Ada S. Morrison, as alleged therein. It also appears from the testimony that appellant O. C. Morrison had, prior to the transaction involved herein, purchased materials from a man by the name of Kane, at Mason City. Appellee's agent, after a conversation with Kane, visited Carroll, and negotiations then begun for the purchase of the materials in question were later consummated, and the goods were shipped, and were received by appellants. The materials were not purchased of Kane, nor on his account. He figured in the transaction only as a friend of the parties'. Credits, all of which are admitted by appellee, leave a balance due on the account of $200. Damages due to alleged substitution of material are pleaded by way of set-off, to the extent of $200.

The appellant O. C. Morrison acted as the agent of his wife in all of the transactions referred to in the evidence. Counsel seek to limit the scope of the admitted agency to the original transactions,—that is, the purchase of the materials. The admission does not, in terms, so limit the agency, notwithstanding the fact that the word "transaction," instead of "transactions," is used therein. We think that the only inference to be drawn from the testimony is that O. C. Morrison assumed to, and did, act, in all matters involved, as the agent of his co-appellant. O. C. Morrison did not, however, as such agent, intend to bind or make himself liable for the purchase price of the materials. They were purchased for, and later installed in, the apartment and office building owned by his wife. The evidence does not sustain the cause of action set out in the petition against him. We need not discuss the evidence on this point.

II.   It is, as stated, claimed that the radiator valves received from appellee were not the kind ordered. This is admitted by

appellee, with explanations tending to show that, at the time the contract was made, O. C. Morrison was informed that the kind of valves ordered would be shipped to him if made by the manufacturer of whom the materials were purchased, and that otherwise, standard valves would be furnished. Testimony tending to show that the valves received were installed at a considerably greater expense than would have been necessary if the kind ordered had been furnished, was introduced. This additional expense constitutes the offset sought to be interposed against the account. The valves shipped, after some correspondence with the person with whom the contract was negotiated, were installed as a part of the heating system. As soon as appellants discovered that the valves were not the kind ordered, appellee was notified to that effect. Thereupon, appellee wrote to O. C. Morrison, informing him that the company of whom the supplies were purchased did not manufacture the kind of valves desired, and that, if those shipped were not satisfactory, appellants were privileged to return them. To this communication appellants made no reply, and no further objection, so far as the record shows, was made to the valves until the answer in this case was filed. The answer merely states that "the material was so defective as that the defendant O. C. Morrison was compelled to expend the sum of about $200 for the purpose of obviating the defects." The pleadings were not assailed by motion for more specific statements, and the trial proceeded on the issues joined.

After the trial was concluded, appellee filed a reply, purporting to conform the pleadings to the evidence, and setting up the acceptance and use of the alleged defective materials by  appellants as an estoppel. It is urged by appellants that the reply was filed too late, and without permission of the court, and cannot, therefore, be considered. The law at this point is well settled.

If, after due inspection by the purchaser, and with full knowledge that the valves were not the kind ordered, appellants accepted and used the same in the building, they may not, when

 payment is demanded, plead the defects as a defense. *Berthold & Jennings v. Seevers Mfg. Co.*, 89 Iowa 506; *Schopo v. Taft & Co.*, 106 Iowa 612; *Hoopes & Sons v. Simpson Fruit Co.*, 180 Iowa 833.

But was the delay in the filing of the reply fatal to its consideration? Counsel for appellee in argument state that the attention of the court and counsel for appellant was called to the proposed reply during the trial, and that no objection was made to the filing thereof. Counsel for appellants do not in terms deny this claim of appellee's, but assert that the record does not so show. The record is, in fact, silent on this point. Manifestly, the pleading was not timely, and such delays in filing pleadings should be avoided. Nevertheless, we think appellants were not prejudiced by the delay, and that the reply should be considered, and effect given to the alleged estoppel, if proven. It is and has always been the policy of this court to indulge great liberality in the filing of amendments to pleadings where no new issue is set up or issues previously tendered substantially changed. *Tiffany v. Henderson*, 57 Iowa 490; *Hanson v. Cline*, 142 Iowa 187; *Rice v. Bolton*, 126 Iowa 654; *Cole v. Laird*, 121 Iowa 146; *Larkin v. McManus*, 81 Iowa 723; *Le Mars Bldg. & L. Assn. v. Burgess*, 129 Iowa 422; *Sturman v. Sturman*, 118 Iowa 620; *Story County v. Hansen*, 178 Iowa 452; *Cottong v. Zybell*, 179 Iowa 1184; *Blandon v. Glover*, 67 Iowa 615.

The evidence of the acceptance by appellants of the valves received is not disputed. O. C. Morrison admitted that he knew they were not the kind of valves desired, before they were installed. The reply, therefore, does not tender an issue upon which either party apparently could have offered further substantial proof. At least, appellants do not now claim that they were deprived of the privilege of introducing all of their available evidence. The only possible question of fact suggested by the record which, if met by proof, might possibly have tended to obviate the estoppel, is that the valves were received and installed in January, when, it is suggested in argument, it was necessary for appellants to use them at once, to avoid greater injury which might result from the delay incident to the securing of the desired valves. The record does not show, however,

whether the building was then ready for occupancy, or when it was finally completed and the heat turned on.

A certified copy of the record in the clerk's office shows that the cause was in fact submitted June 15th, which was 11 days after the reply was filed. It is claimed by appellants that it was understood, when the evidence was closed, that the cause would be submitted without argument. This is not disputed, but the record shows only as above. The only change in the issues made by the reply was the averment that the evidence already introduced estopped appellants from claiming damages on account of the failure to furnish the valves originally ordered. No new matter was alleged therein. No doubt, amendments to pleadings, to which the reply is analogous, setting out new causes of action, are properly stricken when the filing is not timely. *Breen v. Iowa Cent. R. Co.*, 184 Iowa 1200; *Boardman v. Drach Constr. Co.*, 123 Iowa 603; *Roberdee v. Bierkamp,* 160 Iowa 687; *Winn v. Strong,* 196 Iowa 498.

Leave of court should also have been first had. The failure, however, of appellee to secure such permission is not alone a sufficient ground for disregarding the reply. *Miller v. Perry & Townsend,* 38 Iowa 301; *West Side Lbr. Co. v. Hathaway,* 115 Iowa 654.

It would clearly have been an abuse of the court's discretion to refuse appellee permission to file the reply if it had been asked. In such case, the reply should be permitted to stand. *Miller v. Perry & Townsend,* supra; *West Side Lbr. Co. v. Hathaway,* supra; *Carlisle v. Sells-Floto Shows Co.,* 180 Iowa 549.

We have carefully considered all of the propositions urged by appellants in their brief and argument. It is not necessary to refer specifically to each of them. It is contended that much of the evidence relied upon to establish the alleged estoppel is incompetent. If we concede, without so holding, that testimony was improperly admitted, sufficient competent evidence was introduced to establish the estoppel. The bills of lading admitted in evidence have little materiality when weighed in connection with the other testimony. They may well be disregarded, without affecting the weight of the testimony. This, coupled with the admissions of appellants, established every essential element of recovery against Ada S. Morrison. Nothing is lacking. It

is our conclusion, as stated above, that the cause of action alleged against O. C. Morrison is not made out. It follows that the judgment entered against him cannot be sustained.—*Reversed on the appeal of O. C. Morrison; affirmed on the appeal of Ada S. Morrison.*

MORLING, C. J., and DE GRAFF, ALBERT, and WAGNER, JJ., concur.