## HARRINGTON v. CHRISTIE.

1. **Mortgage**: DEFAULT IN PAYMENT: FORFEITURE. The defendant executed a mortgage to secure the repayment of certain taxes paid by the mortgagee, and also to secure a note executed at the same time, which was to be valid only upon a contingency: the mortgage provided that default in the prompt payment of any of the sums should work an absolute forfeiture of any further rights of the mortgagor thereunder, and that the mortgagee might proceed to collect any sums of money then due: *held*, that default in the payment of the claim for taxes would not render the note payable, the contingency upon which it was to become effective not having yet occurred.

2. **Pleading**: AMENDMENT. The action of the court below in refusing leave to make a material amendment after the cause has been submitted will not be reversed unless an abuse of discretion is shown.

*Appeal from Monona Circuit Court.*

FRIDAY, DECEMBER 7.

The defendant was indebted to the plaintiff upon certain notes secured by a mortgage upon real estate. After the com-

mencement of an action of foreclosure the defendant executed to the plaintiff another mortgage upon other real estate, and the action was dismissed. The second mortgage was intended as additional security for the debt secured by the first mortgage, and it stipulated that there should be no proceeding to foreclose on the first mortgage until December, 1877. The defendant also gave to plaintiff an additional note of $500, to be due in two years with interest at ten per cent per annum, payable annually, which was secured by said second mortgage. Said mortgage also secured plaintiff for certain taxes to be thereafter paid by her, said payment to be made by defendant to plaintiff in one year from the date of the mortgage.

The defendant had sold the land first mortgaged to other parties, and taken a mortgage to secure the purchase money to him, upon which a suit to foreclose was pending; and it was stipulated in the second mortgage from defendant to plaintiff that defendant would proceed with said foreclosure as fast as the law would allow, and at the expiration of the time of redemption upon the foreclosure sale, if the land should not be redeemed, and which time was not to be later than December 25, 1877, he would convey said land to plaintiff by a deed with covenants of general warranty, which conveyance should operate as a payment in full of the first mortgage, but not as payment of the $500 note and said taxes; and in case the land should be redeemed from the foreclosure sale so that defendant could not convey to the plaintiff, then the $500 note was to be void, and plaintiff might proceed to collect the amount secured by the first mortgage and the taxes aforesaid.

Said second mortgage contains this further stipulation: "I further agree that I will perform strictly and promptly each and every one of my aforesaid agreements, and if I should fail in one, such failure shall work an absolute forfeiture of any further rights I may have under this mortgage, except the right of redemption provided by law, and said Harrington, if she so elects, and she need not notify me of such election, may immediately proceed to enforce the collection of any sums of money then due her, or to become due her under this mortgage."

Plaintiff paid about $200 in taxes in pursuance of the contract, and was entitled to that sum from the defendant on the 22d day of January, 1877. No payment was made, and this action was commenced four days afterwards.

The plaintiff claims the right to foreclose for the amount secured by the first mortgage, and also the $500 note and the taxes, and asks judgment for the whole amount. The right to foreclose is based upon the alleged failure of the defendant to pay the claim for taxes due on the 22d day of January, 1877.

The defendant answered averring that the plaintiff waived the payment of the claim for taxes on the day it was due, and pleads a tender of the amount of said claim, and interest; and that said $500 note was only to be payable in case defendant should procure title to the land first mortgaged, and convey it to plaintiff.

There was trial by the court. It was adjudged that plaintiff recover two hundred and twenty dollars, being the amount tendered by defendant, and that plaintiff pay the costs made after the tender; and that plaintiff's petition as to all other claims be dismissed without prejudice. Plaintiff appeals.

*Kelly Bros.* and *Hale, Stone & Proudfit,* for appellant.

*Monk & Selleck,* for appellee.

ROTHROCK, J.—I. It will be readily seen, from the foregoing statement of facts, that the plaintiff was not entitled to the

<span style="float:left">1. MORTGAGE:
default in
payment:
forfeiture.</span> amount secured by the first mortgage, and also the $500 secured by the second mortgage. The failure to pay the taxes without lawful excuse might entitle her to proceed to a foreclosure of the other claims, but she should have elected when she commenced her action whether she would take the land and the $500 and the claim for taxes, or refuse to take these and proceed to foreclose for the amount due on the first mortgage and the claim for taxes secured by second mortgage. As she did not elect which she would take, but insisted on both, we think the court properly held that she could not recover more than the amount of taxes she had paid.

II. We may say further, upon the question of fact as to the

waiver of payment of the claim for taxes on the day on which it became due, that the action is not triable anew in this court, and there is no such want of evidence to sustain the finding of the court as would warrant our interference.

III. After the cause was submitted to the court, plaintiff asked leave to amend her petition by an averment that the de-

2. PLEADING: amendment. fendant had not paid the annual interest due on the $500 note. The court refused to allow the amendment to be made. We are unable to say from the record before us that this was an abuse of discretion. It was not a mere amendment to make the pleading correspond with the proof. It was a material allegation upon which the defendant would have had the right to take issue. There may have been good reasons for refusing to allow an amendment of this character after the cause had been submitted to the court.

AFFIRMED.