## PROCTOR v. REIF.

1. **Practice**: PLEADING: VARIANCE. Where the petition alleged that the defendant and another sold to the plaintiff a diseased horse, representing him to be sound, and sought to recover damages therefor, and the evidence showed that the horse was sold by the defendant to the other party and by him to the plaintiff, it was held that the court properly instructed the jury that the plaintiff could not recover, under the allegations of his petition.

*Appeal from Pottawattamie Circuit Court.*

WEDNESDAY, DECEMBER 10.

THE plaintiff commenced this action against the defendant and one Joseph McCoid. The first count of the petition in substance alleges that the defendants were the owners of a certain sorrel horse, which they sold and delivered to plaintiff, and warranted sound. That the defendants well knew that said horse had an infection called glanders, whereof he soon

thereafter died, to the damage of plaintiff in the sum of one hundred dollars.

The second count of the petition alleges, in substance, that the plaintiff was the owner of a certain other horse, which was sound and healthy, and that by reason of the defendants' selling and delivering to the plaintiff a horse infected with the glanders, the plaintiff's horse, which, up to that time, had been healthy and sound, became diseased with the glanders, of which he died, to plaintiff's damage in the further sum of one hundred dollars. The defendant Reif filed his separate answer to the petition, denying every allegation thereof. The defendant McCoid filed his separate answer to the petition, denying each allegation thereof, and, by way of cross-petition against his co-defendant Reif, alleging in substance that Reif was the owner of the horse described in the first count of plaintiff's petition, and sold the same to the defendant, and warranted him to be sound, knowing that he was unsound and affected with the glanders; that this defendant afterward sold said horse to plaintiff, not knowing that he was affected with said disease; that the horse so sold to plaintiff communicated said disease to another horse owned by plaintiff, of which disease both said horses died. The defendant asks that he have judgment against John Reif for any amount plaintiff may recover against him. The defendant John Reif, for answer to the cross-petition of the defendant McCoid, denies all the allegations thereof. The cause was tried to a jury, and verdicts were returned as follows:

1. For the defendant Reif as against the plaintiff.
2. For the plaintiff as against McCoid, in the sum of $200.
3. For the defendant Reif as against McCoid.

All these verdicts were set aside in the court below, upon various grounds, except the first. The plaintiff filed a motion for a new trial as between him and the defendant Reif. This motion was overruled, and judgment was rendered against plaintiff in favor of the defendant Reif for costs. The plaintiff excepted and appeals.

Vol. LII—38.

*Sapp, Lyman & Ament,* for appellant.

*John H. Keatley,* for appellee.

DAY, J.—The bill of exceptions contains a statement as to the evidence introduced, as follows: " Evidence was introduced

1. PRACTICE: pleading: variance.

by plaintiff, tending to establish that, on the 15th day of October, 1878, appellee John Reif sold to said Joseph McCoid the horse described in the first count of the petition; that at that time said horse had the glanders; that said Reif knew at the time that the horse was thus diseased; that on the 19th day of October, 1878, said McCoid sold said horse, together with another horse then owned by him, to the plaintiff, which said other horse is described in the second count of the petition; that said horse was sound at the time said Reif sold said horse to McCoid; that said sound horse became infected with the glanders from said horse sold by Reif to McCoid, and that both said horses died from said disease, thus and then contracted. Evidence was introduced by appellee tending to deny that said horse sold by him had the glanders, and also tending to deny that he had any knowledge that the horse was thus diseased. Such was the issue of fact tried to the jury."

The plaintiff asked the court to give the jury the following instructions:

3. " If you find that in the month of October, 1878, the defendant John Reif sold or traded to the defendant Joseph McCoid one of the horses in controversy herein; that at the time of such transaction said horse was affected with a disease called glanders; that said defendant Reif then knew that said horse was thus affected with said disease; that while said horse was thus affected with said disease, said defendant McCoid sold said horse to the plaintiff, and that by reason of said disease said horse has since died or been killed, then the plaintiff is entitled to recover from the said defendant Reif such sum as the evidence before you shall show said horse would have been worth at the time he was sold to plaintiff had he been in sound condition.

4. "If you find that in the month of October, 1878, the defendant John Reif sold or traded to the defendant Joseph McCoid one of the horses in controversy herein; that at the time of such transaction said horse was affected with a disease called glanders; that said defendant Reif then knew that said horse was thus affected with said disease; that while said horse was thus affected with said disease said defendant McCoid sold said horse to the plaintiff; that said disease was by said horse communicated to another horse owned by plaintiff, without any fault on his part, said other horse also being described in the petition herein, and that by reason of said disease said other horse has since died or been killed, then plaintiff is entitled to recover from the defendant Reif such sum as the evidence before you shows said horse to have been worth when he thus contracted said disease."

The court refused to give these instructions, to which the plaintiff excepted. The court thereupon instructed the jury as follows:

1. "In regard to the plaintiff's claim against the defendant Reif you are instructed that the evidence does not show that any sale, trade or negotiation of any kind occurred between plaintiff and said defendant Reif in relation to the horses in question, hence no recovery can be had by plaintiff against said defendant Reif.

5. "Your verdict as between plaintiff and defendant Reif will be in the following form, and you are instructed to sign and return this verdict.

"We find for the defendant Reif as against the plaintiff."

To the giving of these instructions the plaintiff excepted.

The appellant says that the court below acted upon the theory that this is an action only for a breach of contract, and that since there was no privity of contract between the appellant and the appellee there can be no recovery by appellant against appellee. It is claimed that the instructions asked by appellant, and the evidence on which they are based, present no question of contract. It is urged that the instructions asked present the question of the extent of appellee's liability for the commission of an unlawful act, a crime against the

laws of the state, an indictable offense under section 4056 of the Code. It may be conceded that the instructions asked present such question. But the petition of plaintiff does not tender any such issue, nor base the plaintiff's right to recover upon any such state of facts. The petition alleged that the defendants John Reif and Joseph McCoid were the owners of the horse in question, and that they sold him to the plaintiff, warranting him sound, at the same time knowing that he had the glanders. The right to recover is clearly based upon the fact of a sale of the horse by the defendant Reif to the plaintiff. It is not competent for the plaintiff to allege in his petition one cause of action and to have the jury instructed that he may recover upon another and an entirely different cause of action. By the petition the defendant was advised that he must be prepared to defend against a charge of knowingly selling a glandered horse to the plaintiff. He was not required to defend against a sale of such a horse to Joseph McCoid or to any other person. It is true evidence was introduced, as the bill of exceptions states, tending to prove that the defendant sold a glandered horse to McCoid. Such evidence was competent and admissible upon the issue between McCoid and the defendant Reif. It is probable that the evidence was admitted upon that issue. It was clearly inadmissible upon the issue joined between the plaintiff and the defendant Reif. The plaintiff must recover, if at all, upon his own pleadings. He cannot recover upon the issue joined between the defendants. Because the instructions asked were not pertinent to the issue, they were properly refused. Under the issue joined, the instructions given were proper.

II. The appellee filed an amended abstract setting forth a part of the evidence on the part of the defendant. The plaintiff filed a motion that no costs be taxed for this amended abstract. This motion was submitted with the case. No question is made as to the sufficiency of the evidence. The only question submitted pertains to the instructions given and refused. It is necessary to set forth only so much of the evidence as shows the pertinency of the instructions to the

case; the abstract of the appellant does this. The amended abstract was unnecessary, and no costs will be taxed therefor.

AFFIRMED.