SUSAN H. STURMAN v. W. F. STURMAN (Alias W. F. Sterman), Appellant.

Action on Lost Notes: AMENDMENT TO PETITION: FILED TOO LATE.
1 An amendment to a petition filed without leave of court or notice to defendant, and after the evidence is all in, to which no answer is filed, alleging a cause of action on two lost promissory notes different from those described in the original peti tion, is filed too late to be considered for any purpose.

Same: PROOF OF LOSS: EVIDENCE. In order to recover on lost
2 notes, the plaintiff must prove destruction of same without fault on her part. Evidence considered and held insufficient to support a recovery on notes in suit.

Same: DURESS: ALLEGATION OF: Evidence that the notes were
3 destroyed by duress must be supported by an allegation of that fact, to be competent.

*Appeal from Madison District Court.*—HON. J. H. APPLE-GATE, Judge.

SATURDAY, DECEMBER 20, 1902.

ACTION on two sets of lost notes. Trial in equity. Judgment for plaintiff as to one set of notes, and for defendant as to the other. From the judgment so far as it is adverse to defendant, he appeals.—*Reversed.*

*J. F. Leonard* and *Guiher & Tidrick* for appellant.

No appearance for appellee.

McCLAIN, J.—Plaintiff was married to the defendant in 1885, and, after various separations and reconciliations, agreed with him in 1890 for a final separation, at which time three notes, for the aggregate amount of $400, were executed to plaintiff by defendant and his mother in consideration of money of the plaintiff which had been

received by the defendant.   In 1891, the first of these notes to come due having matured, an attachment suit was brought by plaintiff against the defendant on all the notes, and judgment was recovered on one of them, and the suit as to the other two, the principal of which amounted to $300, was continued.   The judgment, so far as entered, was afterwards satisfied.   Before bringing this suit, however, plaintiff had brought, an action against the defendant for divorce, in which a final decree was entered in plaintiff's favor, with the provision embodied therein that defendant pay to plaintiff by way of alimony the sum of $300, evidenced by six promissory notes, executed as of the same date as the decree by the defendant and his mother, and payable at different dates.   In 1892 the parties remarried, and lived together for about a year, when they again separated.   Subsequently the defendant, who was then residing in Kentucky, attending a medical college, secured a divorce from the plaintiff, and was married to another, and in January, 1899, the present action was instituted.

In the original petition filed in this action the plaintiff sought to recover on certain promissory notes alleged to have been lost and described, but not described in such way as to correspond to either of the sets of notes above referred to.   Subsequently, however, an amended and

1. AMENDMENT substituted petition was filed, which set out a
to petition:
filed too late. cause of action on the alimony notes, alleging them to be due and unpaid, and stating that plaintiff could not produce them, for the reason that the same were lost or destroyed, and that such loss or destruction was not due to any fault or negligence of plaintiff.   Subsequently the action was transferred to the equity docket, and the case came on for trial on issues raised by defendant's answer to the amended and substituted petition. The evidence was taken with a stipulation that objection was to be entered to each interrogatory and cross interrogatory, and each and every

exhibit, that the same was immaterial, irrelevant, and incompetent. Two days after the conclusion of the taking of evidence plaintiff filed a reply to defendant's answer, and at the same time an amendment to her amended and substituted petition, in which amendment was set up a cause of action on the remaining two of the three promissory notes executed in 1890. This amendment was filed without leave of court, and without further notice to the defendant, and no answer was ever made thereto by the defendant. On these pleadings, and the evidence already introduced, before the filing of the last amendment, the trial court entered judgment for plaintiff as to the two notes executed in 1890, and for defendant as to the alimony notes.

It should further be stated that in the amendment to the plaintiff's amended and substituted petition, which set up the cause of action on the two notes executed in 1890, and on which judgment was, as already stated, finally entered for the plaintiff, it was alleged that plaintiff could not produce the original notes, for the reason that the same were destroyed, which said destruction was not owing to the fault or negligence of the plaintiff, and also that the attachment suit on such notes, which was commenced in 1891, had been dismissed in November, 1892, and that such dismissal was induced "by threats, wounds, harassing, annoying, and coercing, and under duress, to such an extent that she [plaintiff] feared she would become prostrated, and lose her mind,"and that "by the said dismissal she does not and never did intend to cancel said indebtedness, and does not and never did consider it paid."

It will appear from this rather complicated statement of facts that the judgment rendered against defendant was on notes which plaintiff declared herself unable to produce on account of their destruction, without her fault, and which had been the subject of a previous action by plaintiff against defendant, dismissed by the plaintiff

under what she attempts to describe in her petition as some form of duress. It is difficult to understand on what theory judgment was rendered against the defendant on the notes referred to in plaintiff's last amendment. That amendment was filed too late to be properly considered by the court for any purpose, and without leave or notice to the defendant, or answer thereto by him; and it is hardly to be supposed that the court took any notice thereof in subsequently entering judgment. The judgment entered is not by way of default or failure of the defendant to answer the amendment, and, if the judgment was based on such amendment, it was erroneous. Nevertheless, plaintiff had presented no cause of action with reference to the notes on which judgment was rendered in her favor, save as set out in this amendment. But conceding that the amendment was properly considered by the court, in rendering final judgment, as presenting a cause of action on plaintiff's behalf, as to which evidence already introduced before the filing of the amendment could be considered, then the judgment was erroneous for the reason that the allegations of the amendment are wholly unsupported by such evidence.

It is plain that plaintiff, averring her inability to produce the notes, and that they were destroyed, must prove such destruction, and account for it as without her fault. If she had voluntarily destroyed the notes, and rendered herself unable to produce evidence of her cause of action without excuse, she could not succeed. Yet she nowhere avers any duress as to the destruction of the notes, and in her evidence she makes no showing that such notes were ever destroyed. The testimony of plaintiff is, specifically, as to the destruction of the alimony notes, and, in view of the fact that when her testimony was taken there was no issue before the court as to any other notes, her general statements about the destruction

*2. SAME: proof of loss: evidence.*

of the notes must be limited to those thus expressly referred to. Defendant testifies in general as to plaintiff's statement that she would destroy, or had destroyed, the notes; but he does not specifically designate the notes referred to, and, in view of the issues pending when his testimony was given, there is no reason to suppose that he had reference to the notes now in question. Moreover, he did not see any notes destroyed, and had no personal knowledge that any were destroyed. But even should we concede this point, and conclude that there was some evidence of the destruction of the notes now in question, there is no allegation that their destruction was procured by duress, and evidence of that fact would be beyond any issue raised by the pleadings, and therefore not to be considered in view of the general objection made to all the testimony as to incompetency, irrelevancy, and immateriality. Duress must be specially pleaded, and, until pleaded, evidence to prove it could not properly be received over the objection of the opposing party.

3. SAME: duress: allegation of.

In view of these considerations, we have no hesitation in saying that the judgment against the defendant was erroneous, and therefore, without discussing other questions raised,—such as whether the evidence as to duress was sufficient, or whether the notes were destroyed in compliance with an antenuptial agreement entered into before the second marriage,—the judgment is REVERSED.