C. H. E. BOARDMAN, Appellant, v. LOUIS DRACH CONSTRUCTION COMPANY, Appellee.

Pleadings: AMENDMENT: NEW CAUSE OF ACTION. An amendment to a petition charging a new cause of action, which is filed after the case has been submitted on the theory of the original petition comes too late for consideration.

*Appeal from Marshall District Court.*—HON. G. W. BURNHAM, Judge.

THURSDAY, APRIL 14, 1904.

ACTION to recover rent. Trial to the court without a jury. Judgment for defendant, and plaintiff appeals.— *Affirmed.*

*Boardman, Aldrich & Lawrence* for appellant.

*J. M. Parker* for appellee.

DEEMER, C. J.—The original petition declared upon an express oral contract of lease made by the plaintiff to the defendant of a tract of land in Marshall county for the term of one year beginning on the 1st day of March, 1901, at the agreed rental of $150 per year. The defendant filed a general denial. On these issues the case was tried to the court and submitted on May 7, 1902. Thereafter, and on May 15, 1902, the plaintiff filed a so-called amendment to his peti-

tion, in which he alleged that he withdrew his claim under an express oral agreement, and stated that he amended his petition to conform to the proofs, by alleging that defendant was liable for use and occupation of the premises under an implied agreement to pay what the use of the same was reasonably worth. The case was tried and submitted on the theory of an express contract, and was decided June 11, 1902. No answer was filed to the amended petition, and it is doubtful if the attention of the trial court was ever called to it. If appellant was justified in filing this amendment, he should have had judgment on the pleadings, for no answer was ever filed to the amended petition. The amended petition introduced a new cause of action. *Proctor v. Reif,* 52 Iowa, 592; *Lines v. Lines,* 54 Iowa, 600; *Walker v. Irwin,* 94 Iowa, 454; *Duncan v. Gray,* 108 Iowa, 599. While amendments, under our practice, are allowed with great liberality, yet it is quite irregular to introduce a new cause of action after the submission of a case, by amendment to the petition, even though made to conform the pleadings to the proofs. A defendant has some rights in such matters, and, if he has presented his case on the issues as they existed at the time of trial, he is not called upon to meet some other supposed cause of action existing in favor of the plaintiff, but not declared upon his petition. To hold otherwise would result in putting a defendant to a great disadvantage. Our liberal system of pleading should not be converted into an instrument of injustice. *Sturman v. Sturman,* 118 Iowa, 620, holds that such an amendment as was here filed came too late, and that it should not be considered. See, also, *Eikenberry v. Edwards,* 67 Iowa, 14; *Harrington v. Christie,* 47 Iowa, 319; *Sullivan v. Copeland,* 71 Iowa, 67.

On the issues really presented to the trial court the judgment was correct, and it is AFFIRMED.