S. M. PETERSEN, Appellant, v. G. L. DREHER, Appellee.

**SALES: Warranty—Express Excluding Implied.** An *express* warranty that an animal was pregnant does not exclude an *implied* warranty that the animal is fit for breeding purposes, the seller well knowing that the animal was purchased for said latter purpose.

*Appeal from Audubon District Court.*—J. B. ROCKAFELLOW, Judge.

JUNE 22, 1923.

ACTION to recover damages for breach of an express warranty, and also of claimed implied warranty, in the purchase of a brood sow. At the close of plaintiff's evidence, on motion of defendant, a verdict was directed, and judgment for costs entered against plaintiff. Plaintiff appeals.—*Reversed and remanded*.

*Mantz & White*, for appellant.

*L. Dee Mallonee*, for appellee.

ARTHUR, J.—There was held at Audubon, Iowa, by the Audubon County Pure Bred Live Stock Association, a brood

sow sale. It was what was termed "a combination sale,"—that is, different breeders combined their offerings at the sale. The sale was had as a brood sow sale, according to a printed catalogue. The sow in controversy was owned by defendant, and was bought by plaintiff at the sale for $97.50, which price was paid in cash.

The petition was in two counts. Count 1 alleged an express warranty of the sow purchased by plaintiff, the warranty being:

"Every sow guaranteed to be with pig. Should any prove not to be with pig, the owner will make satisfactory settlement, if notified within 30 days after the sale."

Count 2 alleged an implied warranty that, at and prior to the time, defendant knew that plaintiff was purchasing said sow for breeding purposes. It also alleged that defendant sold said sow to plaintiff as a brood sow, for breeding purposes, and that said sow was not a brood sow, but was sterile.

In both counts, plaintiff alleged that, if said sow had been as warranted, she would have been worth $97.50, the price paid; that, the sow not being with pig, and being a nonbreeder, she was not worth to exceed $49.50. Damage demand was made for $48.

Defendant admitted the sale of the sow for $97.50, under an express warranty alleged in the petition: that is, that the sow was warranted to be with pig. Defendant further alleged, as a defense against such warranty, that the warranty was qualified in the original warranty by the provision therein that, "should any prove not to be with pig, the owner will make satisfactory settlement' if notified within 30 days after the sale;" and that plaintiff did not, at any time within the 30 days, give defendant any notice that the said sow was not with pig. Defendant denied that the sow was sterile, and denied that there was any implied warranty of the animal. On the trial, defendant admitted that the sow was not with pig when sold to plaintiff.

I. Without setting forth the evidence, it is sufficient to say that the record shows without dispute that the sow was not with pig, but that plaintiff failed to notify defendant of that fact within 30 days after the sale. Counsel for appellant do not claim, in their brief and argument, that appellant was not precluded from recovery on Count 1 of the petition because of

failure of notice of breach of the express warranty in time provided by the contract. It follows that we will not find error, if there was error at this point, in directing a verdict for defendant on Count 1 of the petition.

II. The motion for directed verdict as to the cause of action alleged in Count 2, which was sustained by the court, was based on the ground that plaintiff sought to recover on an implied warranty, and that the claimed implied warranty was identical in subject-matter, contents, and meaning with the express warranty declared in Count 1 of the petition. The ruling on the motion to direct verdict as to Count 2 presents the question whether it was error to direct verdict on said count, wherein plaintiff bases right of recovery on a claimed warranty that the sow purchased was suitable for the purpose for which she was purchased, to wit, breeding purposes. The record leaves no doubt that the sow was purchased as a brood sow, and that the seller knew, as well as the buyer, that the sow was purchased for breeding purposes. Plaintiff introduced evidence to show that the sow was sterile. If the cause of action based on claimed implied warranty should have been submitted to the jury, the question of whether or not the sow was a nonbreeder, as alleged by plaintiff, would have been an issue of fact, for the jury to determine. The general rule announced by the courts is that, in sales such as in the instant case, there is an implied warranty, available as a basis of an action, that the thing purchased is reasonably suitable for the purpose for which it is to be used, unless excluded by the terms of an express warranty. *Blackmore v. Fairbanks, Morse & Co.*, 79 Iowa 282; *Bucy v. Pitts Agricultural Works*, 89 Iowa 464; *Parsons B. C. & S. F. Co. v. Mallinger*, 122 Iowa 703; *Conkling v. Standard Oil Co.*, 138 Iowa 596; *Pew Co. v. Karley & Titsenor*, 154 Iowa 559; *Pew Co. v. Karley & Titsenor*, 168 Iowa 170.

Counsel for appellee in argument practically concedes that the facts present a case of implied warranty that the sow purchased was suitable for the purpose for which she was purchased, to wit, breeding. But it is counsel's position that such implied warranty is identical in subject-matter and contents with the express warranty, and that, when the parties had agreed upon the express warranty, they *ipso facto* excluded the implied

warranty. To sustain his position, counsel cites *Bucy v. Pitts Agricultural Works,* supra, where we said:

"The rule deducible from the authorities is that an implied and an express warranty may exist under the same contract, as when the expressed does not relate to the obligations created by the implied; but when the expressed warranty does provide as to the same obligation, it excludes the implied. In other words, the law will not imply anything as to matters about which the parties have expressly agreed."

Appellee also contends that appellant, having been present at the sale, and having seen the sow which he bought, and having had an opportunity to inspect her, cannot be protected by the claimed warranty. It is sufficient to say that the doctrine of *caveat emptor* has no application in the instant case. It may be stated, as a general rule, that there may be both an express and an implied warranty, and that, as long as they are not inconsistent, both are valid. If the express warranty does not cover the exact point covered by the implied warranty, then both may be valid and effective. Section 15, Chapter 396, Acts of the Thirty-eighth General Assembly, Paragraphs 1, 5, and 6; *Bucy v. Pitts Agricultural Works,* supra.

The question, in the last analysis, is, then, whether the express warranty excluded any implied warranty. The trial court held that the express warranty did exclude any implied warranty in directing verdict on Count 2 of the petition. Enacted by the Thirty-eighth General Assembly, Section 15, Chapter 396, provides:

"(1)  Where the buyer, expressly or by implication, makes known to the seller the particular purpose for which the goods are required, and it appears that the buyer relies on the seller's skill or judgment (whether he be the grower or manufacturer or not), there is an implied warranty that the goods shall be reasonably fit for such purpose. * * *

"(5)  An implied warranty or condition as to quality or fitness for a particular purpose may be annexed by the usage of trade.

"(6)  An express warranty or condition does not negative a warranty or condition implied under this act unless inconsistent therewith."

Count 2 of plaintiff's petition was based upon the theory that there was an implied warranty that the sow was suitable for the purpose for which she was purchased, to wit, breeding purposes. Counsel for plaintiff take the position that the express warranty is solely to the effect that the sow was guaranteed to be with pig, and that there is no inconsistency between the express warranty and the implied warranty claimed by plaintiff, and that the express warranty and the claimed warranty are not identical. Counsel argue this question to some extent on the basis of the values of the sow under different conditions. They refer to the evidence which showed that the sow, if she had been with pig, would have been worth the price paid, $97.50; that, if she had been a breeder and not with pig, she would have had a value of $60; that, if the sow were a non-breeder, her only value would be that of a stock hog, of the value of $40.

We think that the court erred in directing verdict for appellee on the cause of action alleged in Count 2 of the petition, which count was based on implied warranty. We do not think that the express warranty that the sow was pregnant at the time she was sold to appellant excluded the right to rely upon an implied warranty that such animal was a breeder,—that is, capable of breeding. We think there was an implied warranty that, whether the animal was pregnant or not at the time of the sale, she was fertile and capable of breeding. We think there was an implied warranty which was not so identical with the express warranty as to be necessarily included within the express warranty. The express warranty was as follows: "Every sow guaranteed to be with pig." Such express warranty was only as to the present (time of the sale) condition of pregnancy. The implied warranty, as pleaded, was not that the sow was, at the time of the sale, pregnant, but that she was a brood sow, capable of being bred; or, in other words, that she was not sterile. Appellant introduced evidence tending to show that the animal was sterile. We think that the cause of action alleged in Count 2 of the petition should have been submitted to the jury. The case is reversed and remanded.—*Reversed and remanded.*

PRESTON, C. J., WEAVER, EVANS, STEVENS, FAVILLE, and DE GRAFF, JJ., concur.