SCOTT WISE, Appellee, v. CENTRAL IOWA MOTORS COMPANY, Appellant.

MARCH 5, 1929.

*Walter L. Stewart* and *Clark, Byers & Brunk,* for appellant.

*Wilson & Shaw,* for appellee.

EVANS, J.—I. Though an equity case, the appeal is submitted here upon exceptions and assignments of error. No argument is directed to the merits of fact, as distinguished from the illegalities complained of. It appears that, in April, 1926, the plaintiff purchased a new automobile from the defendant, under an express warranty as against defects in the construction or material thereof. Upon the use of the automobile, the plaintiff experienced repeated difficulty with the brakes, and returned the car repeatedly to the defendant for adjustment. All adjustments proved temporary, and the car was returned and tendered back in July, 1926. The defendant refused to accept the same; and the plaintiff left the same with the defendant, and brought this action. The assignment of errors is predicated upon the following record: The case came on for trial on July 27, 1927. The date of submission does not appear in the abstract. It is alleged in appellant's brief, however, that the case was submitted on July 28, 1927, and we accept the statement. While the case was held

under advisement, and on August 11th, the plaintiff filed an amendment to his petition, by purported leave of court, but without notice to the defendant. On August 16th, the defendant filed a motion to strike the same, on the ground that it was filed out of time, and on many other grounds. On August 20th, this motion was overruled. On September 6th, the defendant filed a motion to set aside the submission, and to re-open the case, and to continue the same to a future term, in order to give "ample time to plead to such amendment." On September 9th, this motion was overruled, and decree entered for the plaintiff. On October 8, 1927, the defendant filed a motion to supplement and modify the decree of the court previously filed, and that the court make specific findings therein as to the facts upon which it predicated judgment.

To a proper understanding of the nature of the complaints predicated upon the foregoing, reference must be had to the original petition. This was stated in two counts. The first count contained the ordinary allegations of sale and express warranty and breach. The express warranty was set forth as follows:

"*We warrant each new motor vehicle sold* and delivered by us at retail to be free from defects in material and workmanship and agree to replace any part or parts thereof which, under normal and reasonable use and within ninety days after delivery of such motor vehicle to the original retail purchaser, shall prove, upon our examination and to our satisfaction, to have been unsatisfactory for the proper operation of such motor vehicle; in such cases we agree to install the part or parts free of charge to the purchaser."

Count 2 of the petition adopted all the allegations of Count 1, except that of express warranty, and set forth the following further allegation:

"At the time of the said purchase by plaintiff, the implied warranty of quality, as provided under Section 9944 of the 1924 Code of Iowa, was in full force and effect."

In his amendment to the petition filed after time, the plaintiff repeated, in substance, many of the allegations of his petition, and rehearsed considerable of the evidence. The amendment contained, however, the following material allegation:

"Plaintiff states that said automobile was sold to him by the defendant for the purpose of driving the same as a business and pleasure car at the time set forth in Count 1 of this petition, and that it was purchased as a car that was mechanically perfect in all respects, and that this plaintiff relied upon the judgment of the defendant that said car was such, and reasonably fitted for the purpose to which it was intended to be used; and full new car price was paid for the same."

This is a sufficient statement of the record to enable consideration of the errors complained of. The first error asserted is that the court erred in permitting the plaintiff to file the amendment after submission of the case. Though the filing at such time was irregular, it was within the discretion of the court to permit it. The defendant had the undoubted right to plead to the amendment as soon as advised of its filing. But the court was not bound to strike the amendment because it had been filed without notice. The want of notice was cured by the appearance of the defendant on August 16th. The court was not precipitate in closing the door against the defendant. Though the court held the submission in suspense from August 16th to September 9th, the defendant tendered no pleading. In its motion filed September 6th, it demanded a continuance, on the ground that it desired "ample time to plead." It was permissible to the court to find that the defendant already had "ample time to plead." This is especially apparent when we consider the nature of the amendment. It had in it no quality of surprise. It was not the pleading of a new cause of action, as contended by the appellant. The original petition had pleaded, however imperfectly, the statutory implied warranty as the basis of its second count. In the absence of attack, we think the pleading was sufficient. The amendment did no more than to fortify, by proper allegation, the ground of recovery stated in Count 2 of the petition. The appellant relies for authority upon *Boardman v. Louis Drach Const. Co.*, 123 Iowa 603, and *Sturman v. Sturman*, 118 Iowa 620. In the first cited case, the district court refused to permit plaintiff to file an amendment after submission of the case. We sustained the ruling. If, in the case at bar, the court had refused plaintiff the right to file the amendment, and if he had appealed from such ruling, we could readily affirm the ruling. In the *Sturman* case, the action was upon certain prom-

issory notes alleged to be lost. After the submission of the case, the plaintiff filed an amendment, without leave of court or notice to opposing counsel, setting forth two additional notes, which were entirely distinct causes of action from those set forth in the pleading upon which the case was tried. No notice was taken of the amendment in the district court, nor does it appear that the amendment was ever brought to the notice of the court or to opposing counsel. We ignored the amendment on appeal. We think that, in the case at bar, the trial court acted within its discretion; that the defendant did have an opportunity to plead; that, if it had pleaded, and had tendered additional evidence, a somewhat different question would be presented. There is no showing in the record that, if we were to reverse this case and send it back, the defendant has any other or different defense, by reason of the amendment, than was presented by it in the trial below.

We hold, therefore, that there was no reversible error in this regard, and this disposes of the errors assigned on the question of practice.

II. We have set forth the express warranty upon which plaintiff sued in Count 1. Section 9944, upon which plaintiff relied in Count 2, contains the following:

"1. Where the buyer, expressly or by implication, makes known to the seller the particular purpose for which the goods are required, and it appears that the buyer relies on the seller's skill or judgment, whether he be the grower or manufacturer or not, there is an implied warranty that the goods shall be reasonably fit for such purpose. * * *

"6. An express warranty or condition does not negative a warranty or condition implied under this chapter unless inconsistent therewith."

It is the contention of the appellant that the express warranty of necessity bars the consideration of an implied warranty. In support of this proposition, reliance is had upon our cases which hold that an express written warranty bars the consideration of an additional oral warranty. These cases are not in point. The question is now controlled by the statute. We had occasion to consider and apply the statute in *Petersen v. Dreher*, 196 Iowa 178.

We had also occasion to consider the state of our holdings prior to the adoption of such statute. *Owens Co. v. Leland Farmers Elevator Co.,* 192 Iowa 771. Our holding in these cases is quite adverse to the contention of appellant. It is our conclusion that none of the assignments of error are tenable.

The judgment below is, accordingly,—*Affirmed.*

ALBERT, C. J., and FAVILLE, KINDIG, and WAGNER, JJ., concur.