W. E. Trousdale, Appellee, v. George P. Burkhardt,
Appellant.

March 12, 1929.

*Mears, Lovejoy, Jensen & Gwynne* and *Martin & Reeve*,
for appellant.

*Pike, Sias, Zimmerman & Frank*, for appellee.

Stevens, J.—This controversy has its origin in the sale by
appellant to appellee of a thoroughbred Brown Swiss cow, for
breeding purposes. Two major propositions, properly raised in
the court below by motion to direct a verdict and by exceptions
to instructions, are argued for reversal: namely, that, in trans-
actions of the character here involved, no implied warranty that
the animal is suitable for breeding purposes arises, and that, if
it does, the facts shown are wholly insufficient to establish such
implied warranty. The purchase of the cow by appellee for
breeding purposes is admitted.

Appellant had, for many years prior to March 15, 1926,
been engaged in the business of breeding and selling thorough-
bred Brown Swiss cattle. On the above date, appellee pur-
chased some heifers, a bull, and, in addition to others, the cow

in question. Appellee testified that he informed the seller that he desired the animals for breeding purposes, and that he contemplated the use thereof in the dairy business. No express warranty of any kind is claimed.

Section 9944 of the Code of 1927 (Section 15 of the Uniform Sales Act) is as follows:

"Subject to the provisions of this chapter and of any statute in that behalf, there is no implied warranty or condition as to the quality or fitness for any particular purpose of goods supplied under a contract to sell or a sale, except as follows: * * *

"5. An implied warranty or condition as to quality or fitness for a particular purpose may be annexed by the usage of trade. * * * "

We have held that this section is applicable to the sale of animals for breeding purposes, and that, under the terms of the statute, an implied warranty will arise. *Petersen v. Dreher*, 196 Iowa 178. The holding in this case is decisive of the first proposition urged by appellant.

There remains, however, for consideration the question as to the sufficiency of the evidence to meet the requirements of the statute. Specifically, the contention of appellant is that the evidence shows affirmatively that appellee did not rely upon either the judgment or skill of the appellant as a breeder, and that, therefore, the respective motions to direct a verdict in his favor should have been sustained. The evidence on this point is somewhat confusing; but it is shown that appellant was informed and understood that appellee desired to purchase some thoroughbred Brown Swiss cattle for breeding purposes, and that he had come to the former's premises for that purpose because of appellant's experience and reputation as a breeder of the kind of cattle described. Apparently not fully comprehending the questions put to him by counsel for appellant on cross-examination, appellee did not, in the first instance, state specifically that, in the purchase of the cow, he relied upon the judgment and experience of appellant as a breeder; but, when recalled by his counsel for further examination, he stated that he did rely upon appellant's experience and judgment. The evidence on this point, it is true, is not very satisfactory; but it was,

in our opinion, a question for the jury to say what the fact was. This being true, we are bound by the verdict of the jury.

Some contention is made by appellant that the evidence was not sufficient to prove that the cow in question was not a breeder, or that she did not become sterile after the sale to appellee. Although repeatedly bred, this cow did not become pregnant. Expert testimony was offered on behalf of appellee, tending to show that the sterility complained of was the result of a hardening of the cervix canal. The expert testified that the condition described might have resulted from an injury occurring at the time of the birth of a calf. The question as to when the cow became sterile, whether before or after the sale, was for the jury. The cow had been bred shortly before the sale, and it was learned that she was not in calf almost immediately thereafter.

Although, perhaps, the case made by appellee was not a very strong one, there was a clear conflict in the evidence, and the verdict of the jury controls. It follows that the judgment below must be, and is, affirmed.—*Affirmed.*

ALBERT, C. J., and DE GRAFF, MORLING, and WAGNER, JJ., concur.