45 N.W.2d 148 (1950)
COLLINSON
v.
CITY OF DUBUQUE.
No. 47748.
Supreme Court of Iowa.
December 13, 1950.
Rehearing Granted March 9, 1951.
*149 O'Connor, Thomas & O'Connor, of Dubuque, for appellant.
John J. Kintzinger, Thomas H. Nelson, and Robert M. Czizek, all of Dubuque, for appellee.
MANTZ, Justice.
On October 17, 1949, the city council of Dubuque, Iowa, levied a special sewer construction assessment against property of George B. Collinson, over his objection. On October 28, 1949, as plaintiff, he filed his petition alleging the various steps taken by the city of Dubuque, Iowa, to construct a sewer, his objections thereto, the overruling of his objections and the levy of the special assessment. At the same time he filed with the clerk of the district court of Dubuque, Iowa, an instrument purporting to be a notice of appeal addressed to the city of Dubuque. The notice of appeal bore an endorsement in which the city clerk of Dubuque, Iowa, acknowledged and accepted service of said notice of appeal and receipt of copy.
On November 16, 1949, the city of Dubuque, as defendant, filed a special appearance attacking the jurisdiction of the district court to hear said appeal for the reason that plaintiff had failed to perfect his appeal by proper service of notice as provided by law. On January 17, 1950, such special appearance was argued and on January 26, 1950, the court entered an ex parte order permitting defendant to amend its special appearance. Defendant's amendment alleged that plaintiff's notice of appeal was received from one of the attorneys for plaintiff by the city clerk who endorsed upon the notice: "Service of the above original notice and receipt of a true and correct copy thereof with petition attached are hereby acknowledged this 28th day of October, 1949. J. J. Shea, City Clerk of Dubuque, Iowa."
The trial court sustained the special appearance upon the ground "that the notice was served upon the clerk by the attorney for the plaintiff and that Rule 52 R.C.P. disqualified the attorney for plaintiff from serving the notice of appeal." The plaintiff appeals.
I. Section 391.88, Code of 1950, I.C.A., deals with an appeal in such cases. Said section provides that the person appealing shall be designated as plaintiff and the city or town as defendant. Under this section, appellant is plaintiff and the city of Dubuque, Iowa, the defendant.
The section dealing with perfecting such appeal follows: "391.89. Perfecting appeal. Said appeal must be perfected: 1. By serving upon the mayor or clerk, in the manner in which original notices in ordinary actions are served, within fifteen days from the date of said levy, a written notice of appeal, signed by the plaintiff or by his agent or attorney, directed to the defendant, and designating with reasonable certainty the assessment appealed from and the property of plaintiff affected thereby".
Par. 2 of said section deals with the filing and approval of the bond. Par. 3 relates to the filing of the petition and therein a brief statement of the grounds of complaint against the assessment. Section 391.90 provides that the trial is in equity.
*150 Rule 56, Rules of Civil Procedure, provides in part as follows: "Personal Service. Original notices are `served' by delivering a copy to the proper person. Personal service may be made as follows: (a) Upon any individual aged 18 years or more who has not been adjudged incompetent, either by taking his signed, dated acknowledgment of service endorsed on the notice; or by serving him personally * * (h) Upon any city or town by serving its mayor or clerk."
Rule 52 deals with who can serve such notice. We quote: "Original notices may be served by any person who is neither a party nor the attorney for a party to the action." Said Rule 52 superseded section 11058, Code 1939, which section provided an original notice could not be served by a party. The record fails to show that any other return of service appeared on plaintiff's notice of appeal.
Plaintiff does not seriously challenge the claim of defendant that a party or his attorney cannot under Rule 52 serve notice thereof. In essence his claim is that such rule (No. 52) while superseding the statute, extended rather than limited the authority of a defendant to acknowledge service. In other words, plaintiff's claim is that while his attorney could not serve an original notice by reading or delivering to defendant a copy, still he had a right to receive from the defendant an acknowledgment of service as provided in paragraph (a) Rule 56 R.C.P.
We do not so read the rules. In Rule 56(a) the taking of an acknowledgment of service is merely one of the methods whereby "personal service may be made" and Rule 52 is a prohibition against an attorney for a party serving an original notice. Under the present rules the attorney for a party cannot make service of an original notice in any mannereither by serving defendant, or by taking his acknowledgment of service. The cases cited by plaintiff, decided before the adoption of the above rules when attorneys for parties were not prohibited from serving original notices, are not in point.
We are of the opinion that under the statute and our rules the appeal notice tendered by plaintiff was not sufficient in that it was served by an attorney. Under our rules (56(a) an acknowledgment of service is one method of personal service; therefore neither a party nor his attorney could serve it as was done here. Such being the case the district court was without jurisdiction to entertain the appeal.
II. The next error considered is that of permitting the defendant to amend its answer after the cause had been argued and submitted to the court.
The record shows that on January 17, 1950, the questions raised by defendant's special appearance were argued and submitted to the court. On January 26, 1950, the court granted defendant leave to amend his special appearance and that on said date defendant filed such amendment setting up the fact that the city clerk of Dubuque, Iowa, had received a notice of appeal from an attorney for the plaintiff and that there was endorsed on the bottom of said notice of appeal"Service of the above notice of appeal and receipt of a copy thereof is acknowledged and accepted this 28th day of October, 1949, J. J. Shea, City Clerk City of Dubuque, Iowa."
There was no action taken by plaintiff regarding said amendment either to strike or to ask additional time to meet its allegation. The court sustained the special appearance on February 6, 1950, and on February 10, 1950 dismissed plaintiff's cause of action.
Under this record plaintiff had ample time after the amendment was filed to plead further or ask for a delay. This he did not do. See Duffy v. Henderson, 155 Iowa 117, 135 N.W. 573; Sheldon v. Booth, 50 Iowa 209; Thomas v. Town of Brooklyn, 58 Iowa 438, 10 N.W. 849.
It is a familiar rule that the granting of amendments is a matter within the sound judicial discretion of the court and that to permit amendment would not be error unless prejudice appeared. Weis v. Morris, 102 Iowa 327, 71 N.W. 208; Heusinkveld v. St. Paul Fire & Marine Ins. Co., 96 Iowa 224, 64 N.W. 769; Hays v. Turner, 23 Iowa 214; Roberdee v. Bierkamp, 160 Iowa 687, *151 142 N.W. 217; Wise v. Central Iowa Motors Co., 207 Iowa 939, 223 N.W. 862.
We do not think there was error on the part of the trial court in allowing the amendment. Plaintiff had ample time to have pleaded further but failed to do so. The amendment pleaded a matter which went to the jurisdiction of the trial court. We are unable to see wherein he was prejudiced.
The decree of the trial court is affirmed.
Affirmed.
All justices concur except SMITH, J., who takes no part.